# GRAND ISLE COUNTY.

## January Term, 1837.

---

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
     " SAMUEL S. PHELPS, ⎱
     " JACOB COLLAMER, ⎰ *Assistant Justices.*
     " ISAAC F. REDFIELD. ⎰

---

## George W. Goodrich *v.* George Mott.

Grand Isle,
January,
1837.

A receipt, which contains no contract, although executed at the same time, and in reference to the same subject matter of the contract, need not be produced in evidence of the contract.

And if such writing or receipt contain the contract, and is not in the power of the party, it need not be produced.

If an attorney receive a demand for collection, and the debtor leave demands with the same attorney for collection, the avails to be applied on the first demand when realized, this creates no lien on the demands left by the second creditor, in favor of the first creditor or of the attorney, for the security of the first debt.

In such case, the attorney, in making the collection for the second creditor, acts solely as his attorney, and such creditor has the right to control such demands, without consulting the attorney.

In order to create a lien for the security of the first debt, a contract to that effect is necessary, which should be distinctly notified to the officers and debtors, in the secondary collections, or they will be allowed to take the directions, and make payment to the nominal creditor in the execution.

How the officer may make the execution his own, by acts, showing his intention, understandingly made, to adopt them as such.

Grand Isle,
January,
1837.

Goodrich,
v.
Mott.

This was an action of trespass on the case against the defendant for neglect of duty, as constable of Alburgh, in not collecting an execution in plaintiff's favor, against Emerson, Hazen, and Reynolds, issued on a judgment rendered by the county court, for this county, at their April Term, 1834.

It appeared in evidence, on trial of this case in the county court, before the jury, that Giles Harrington, an attorney, had in his hands, for collection, a demand in favor of one Root, of Troy, N. Y.; against this plaintiff, signed by one Ladue, as surety. Goodrich and Ladue, in order to raise the money for Root, put the note in plaintiff's favor against Emerson, Hazen, and Reynolds, into Harrington's hands for collection, the avails, when realized, to be applied on Root's demand. Harrington *receipted* the demand, in the usual mode, *to Ladue.* The above execution was obtained on this demand, and by Harrington put into defendant's hands for collection, and by direction of plaintifl's attorney, levied upon certain property of Hazen. Hazen and defendant both knew the purposes, for which Harrington was collecting the execution, and Harrington never consented that Goodrich or Ladue should control it, but they did so control the collection of it, that nothing was or could be collected on it, to which defendant assented, without consulting Harrington, and the demand of Root has remained all along uncollected.

It appeared that defendant had sometime procured an alias execution on the judgment, and had made a commitment thereon, with a view to his own indemnity, and that, during the pendency of this suit, he had paid Harrington fifty dollars, in consequence of his own liability.

In the course of the trial, the defendant called for the production of the receipt, executed by Harrington to Ladue, as being the primary evidence of the contract, by which Harrington received, and was collecting the demand. The court held the plaintiff not bound to produce it, without notice.

The court charged the jury, that, "if the demand had been "lodged with Harrington, as attorney of Root, under a contract "that he should collect it, and apply the avails on the demand "in favor of Root against Goodrich and Ladue, that contract "created a lien on the demand for the benefit of Root, which "neither this defendant, nor the debtor in the execution, could "defeat, provided they acted with notice of such contract. If,

" therefore, they found the contract proved, and found the defen-
" dant had reasonable notice of it, they would consider any as-
" sent or agreement of the plaintiff and Ladue, to what the de-
" fendant did, of no avail in his defence."

To the forgoing decision and charge the defendant excepted.

*Smalley & Adams, for defendant.*

*G. Harrington, for plaintiff.*

I. The defendant having given plaintiff no notice to produce
the receipt, the latter was not bound to produce it.

2. If the demand was legally in Harrington's hands, for the
benefit of Root, and notice of that fact carried home to the offi-
cer and the plaintiff in the execution, the interference of Good-
rich and Ladue, ought not to have been regarded by the defend-
ant. *Lampson* v. *Fletcher,* 1 Vt. Rep. 168. 2 Aikens' Rep.
373, *Strong* v. *Strong,* and the cases there cited.

The opinion of the court was delivered by

REDFIELD, J.—The decision of the court, in relation to the
receipt of Harrington, was undoubtedly correct. It does not ap-
pear that this receipt contained any contract or expressed the
terms, upon which Harrington was to collect the demand. If it
was a receipt in the usual form, it would not. Had it contained
the contract, by which Harrington claimed a lien upon the de-
mand, distinct from the interest of Goodrich and Ladue, it not
being in the power of the *real* plaintiff, Root, but of the defen-
dant, the former could not be required to produce it. For the
rule, requiring the plaintiff to produce the best evidence his case
admits of, is always to be qualified by the consideration that it
must be in his power. And if Ladue is to be considered as the
real party defendant in this suit, he could not be compelled to
testify or to produce this paper, on a *subpœna duces tecum,* and
therefore the paper was not in the power of Root, who is the
real plaintiff.

Upon the other part of the case, we think the testimony did
not tend to show any specific assignment of the demand to Root,
either by way of sale or collateral security. It would seem ra-
ther like an assignment by Goodrich to Ladue, who was his sure-
ty, and that, in the collection, Harrington acted as the attorney
of Ladue ; and that Ladue really had the exclusive control of
the demand. This is in substance the common case of an at-
torney, staying one collection at his own risk, for the purpose of
being employed in other collections, the avails of which it is un-

derstood shall go to liquidate the first demand. In such cases, it is always considered, that the attorney in the second instance acts as the attorney of the creditor in the recovery of the demands, and that such creditor has the control of the collections, until the money is realized, when the attorney has the right to apply it on the first demand, but that neither he nor the first creditor has any interest in the demands. Such, we consider, the testimony tended to show this case, and the charge, in this particular, was erroneous.

In order to create a *lien* in favor of Root, there should have been a distinct contract to that effect, and this should have been unequivocally notified to defendant, or he would be fully warranted in taking the direction of the judgment creditor and Ladue, as he did.

The acts of the defendant, in paying fifty dollars and in taking out an alias execution and making a commitment, might have been important in another view of the case, not presented by the counsel, i. e. in showing that defendant had adopted the execution and made it his own. Or they might have been done under a mistake of the facts, in relation to Harrington and Root's interest in the demand, or for the purpose of buying his peace, and to induce a compromise, in which sense they would not be important. But as this point was not presented to the jury, it is only important with reference to a future trial.

The judgment of the county court is reversed and a new trial granted.