ÉDMUND S. HAYDEN, by his Assignee THOMAS F. HAMMOND, *v.* GEORGE W. RICE.

In an action brought by a surety against his co-surety for contribution, parol evidence of the payment made by the plaintiff is admissible and sufficient, notwithstanding it may appear, that judgment has been recovered upon the demand against the principal and sureties, and that the payment was made upon an execution, which is not produced.

And it is not necessary, in such case, that the plaintiff should prove, that he caused the amount of his payment to be indorsed upon the execution.

And where the plaintiff, in such case, had assigned his claim for contribution from the defendant to three persons, who had incurred liability as sureties for him, and had been decreed a bankrupt after the commencement of his action for contribution, and his assignee in bankruptcy had entered and prosecuted the suit, and it did not appear, that he entered at the request of the assignees of the claim, and one of those assignees, after having transferred his claim in the demand to his co-assignees, was offered as a witness on the part of the plaintiff, it was held, that he was not incompetent by reason of interest arising from any liability to indemnify the assignee in bankruptcy against the costs of the suit.

But the co-assignees of the witness not having executed to him a release of their right to call upon him for contribution, in case they should eventually be compelled to pay anything upon their liability for the plaintiff, it was held, that, for this reason, the witness was still incompetent.

And it was also held, that the entry of the assignee in bankruptcy did not operate a discontinuance of the suit, since it must be immaterial to the defendant, whether the recovery, for the benefit of the assignees, was in the name of the plaintiff, or that of his assignee in bankruptcy, and since, also, if the liability of the assignees of the claim were in any manner discharged by the plaintiff, as it might be, the assignee in bankruptcy would have an interest in this claim, and would have rightly entered to prosecute it.\*

---

\*Although a bankrupt, before the decree of bankruptcy, may have assigned a chose in action belonging to him, yet an action may be sustained thereon in the name of the assignee in bankruptcy, for the benefit of the assignee of the demand, if by any possibility the assignee in bankruptcy may ultimately have an interest in the demand, as trustee for the creditors ; and this is so held in the principal case, *ub. sup.* But nothing vests in the assignee in bankruptcy, except the real and personal estate of the bankrupt, in which he had the

45

INDEBITATUS ASSUMPSIT, for money had and received, and for money paid, laid out and expended. Plea, the general issue, and trial by jury,—HEBARD, J., presiding.

On trial the plaintiff introduced evidence, tending to prove, that, previous to November 19, 1839, the plaintiff and defendant and one Elisha L. Sabin executed their joint promissory note to the Bank of Woodstock, and that judgment was recovered upon the note, against all the signers, at the May Term, 1840, of Windsor county court, and an alias execution thereon was subsequently placed in the hands of a deputy sheriff for collection ; and there was evidence tending to prove the loss of said execution. The plaintiff then offered to prove by parol, that he paid the amount of the execution to the deputy, who held it for collection. To the admission of such evidence the defendant objected; but the objection was overruled by the court.

The plaintiff then called one Bryant as a witness, to whose admission the defendant objected on the ground of interest. It appeared that Bryant, together with Job Lyman and Alexander Hutchinson, had incurred a liability, as sureties for the plaintiff, and that the plaintiff had executed to them an assignment of the claim now in suit, and had covenanted to do all things necessary on his part, for prosecuting it to effect ; and the assignment contained a provision, that it should become void if the plaintiff should indemnify the assignees against the liability, which they had incurred for him. Hayden had been decreed a bankrupt, and his assignee in bankruptcy had entered, and the suit was proceeding in his name, as assignee. It also appeared, that Bryant had executed to Lyman and Hutchinson an assignment of all his interest in the claim in suit. Upon these facts the court admitted the witness, and he testified,

---

*equitable* as well as legal interest, and which is to be applied for the payment of the bankrupt's debts. WILLES, Ch. J., in *Scott et al.* v. *Surman et al.*, Willes, 402. And it was held, accordingly, in *Winch* v. *Keeley*, 1 T. R. 619, that the assignor of a chose in action, who is become a bankrupt, may sue the debtor for the benefit of the assignee of the demand ; and in *Fowler* v. *Marnell*, 3 B. & P. 40, that the *cestui que trust*, in such case, cannot bring any action, in respect of the trust property, in the name of the assignee in bankruptcy, but ought to bring it in the name of the bankrupt. And the same distinction appears to be recognized in *Stedman* v. *Gassett*, ante. p. 346.

Hammond, Assignee of Hayden, *v.* Rice.

that he paid to the deputy sheriff, for Hayden, and out of the funds of Hayden, the full amount of the execution against Sabin, Hayden and Rice. It was conceded, that, if the plaintiff was entitled to recover in this suit, he was entitled to recover one half of the amount so paid.

The defendant requested the court to charge the jury, that, if the claim in suit was owned by Bryant, Lyman and Hutchinson, or either of them, the suit could not be prosecuted in the name of the assignee in bankruptcy, but must proceed in the name of Hayden alone. But the court instructed the jury, that the plaintiff was entitled to recover, if they believed the witness Bryant.

Verdict for plaintiff. Exceptions by defendant.

*Tracy & Converse* for defendant.

1. The court below erred in admitting parol proof of the payment of the money by Hayden. If money was paid to satisfy the execution, the presumption is, that it was indorsed upon the execution. Whether it was so, or not, the execution itself furnishes the best evidence and should have been produced. The proof as to its loss was wholly insufficient.

2. If Hayden paid money, still if it was not so applied as to discharge the original demand, but the execution, or judgment, was left undischarged, so that it could be enforced against the other defendants, he could not sustain a suit for contribution.

3. Bryant was liable for costs, in case the plaintiff should fail to recover, and that liability was not discharged. The assignee in bankruptcy, in whose name the suit was prosecuted, could alone discharge him. *Jarvis v. Adm'r of Barker,* 3 Vt. 445. 9 Cow. 631. 6 Wend. 658.

4. This suit could not be prosecuted in the name of the assignee in bankruptcy. The claim sought to be enforced was owned by Bryant, Lyman and Hutchinson, and was prosecuted for their benefit, and could be prosecuted only in the name of Hayden. Nothing passed to the assignee in bankruptcy, which could enable him to sustain a suit for the recovery of this claim. 1 Chit. Pl. 6, 10. *Winch v. Keeley,* 1 T. R. 619. *Alden v. Watkins,* 3 East 317. *Fowler v. Marnell,* 3 B. & P. 39. The effect of introducing the assignee in bankruptcy was to operate a discontinuance of the suit.

*J. Barrett* for plaintiff.

1. The question in issue was, whether the execution had been paid by Hayden. The plaintiff had no control, or right of custody of the execution, and therefore could not be required to produce it. *Goodrich* v. *Mott,* 9 Vt. 397. Greenl. Ev. § 86. *Braintree* v. *Battles,* 6 Vt. 399. But the rule requiring the best evidence, as applicable to this case, did not require the production of the execution, even to show the mere fact of payment, aside from the question by which of the debtors it was paid. The question in issue would not be, whether the payment was endorsed on the execution, but whether payment had been made. The fact of indorsement of payment would be collateral to the fact of payment. On the issue, whether *indorsed,* or not, the execution would be the best evidence ; but on the issue of *payment,* or not, the payment may be shown by other proof. 4 Esp. R. 213. 2 Cow. & Hill's Notes to Ph. Ev. 547.

2. The assignment executed by Bryant to his co-assignees was sufficient and valid to convey all his apparent legal interest, and so rendered him competent as a witness. 9 Johns. 123. 2 Stark. Ev. 757, 758. 12 Vt. 563. *Soulder* v. *Van Renssellaer,* 9 Wend. 293. Bryant was not liable for costs, in case of recovery by the defendant. Hayden was to prosecute the claim ; and he, or the assignee in bankruptcy, and his recognizors were alone liable.

3. By the terms of the assignment from Hayden to Bryant and others the assignee in bankruptcy might be the sole person legally interested to prosecute the suit. If the *consideration* of the assignment to Bryant and others had been discharged, he was so. To secure any surplus, above what might be due to them on the liability they had incurred, he would be interested to prosecute the suit. Nothing appears in the case, and nothing was proveable under the issue, to destroy the right to prosecute the suit in his name. Hammond may, as well as Hayden, be trustee for the assignees of the claim, to the amount of their interest therein ; and whether they, or the assignee in bankruptcy, could retain the avails was of no interest to the defendant.

The opinion of the court was delivered by

Kellogg, J. Upon the trial of the case in the court below several exceptions were taken to the ruling of the court, which are now

to be considered. It appears, that the plaintiff and defendant and one Sabin executed their joint promissory note to the Bank of Woodstock, that the note was sued and judgment thereon recovered against all the signers, and that the plaintiff paid the amount of the judgment to the officer, who held for collection the execution, which issued thereon.

1. It is contended, that the county court erred in admitting parol evidence of the payment of the execution. This exception cannot be sustained. The execution of the note, by the plaintiff, the defendant and Sabin to the bank of Woodstock, the rendition of the judgment thereon and the issuing of the executions referred to in the case were neither questioned, or denied, but the matter in controversy between the parties was, whether the plaintiff had *paid* the amount of the execution; and this fact, it is believed, might well be proved by parol testimony. Indeed, it may be questioned, whether the fact could be satisfactorily proved without a resort to parol evidence; for a mere indorsement of the amount upon the execution, while it might be *prima facie* evidence of payment by the execution debtors, would not necessarily furnish evidence by which of them the payment was made.

Nor do we think it necessary, in order to entitle the plaintiff to recover, to prove that the amount paid was *indorsed* upon the execution. It is not the *indorsement* upon the execution, but the *payment* of it, which is the matter in controversy between the parties. It was undoubtedly incumbent upon the plaintiff to prove, that the payment, upon which he claimed to recover against the defendant, was a *payment* of the *execution* to *one legally authorised to receive it;* and this, we think, fully appears from the facts stated in the bill of exceptions. That it was not necessary to produce the execution upon the trial is fully established by the analogous case of *Bayne* v. *Stone*, 4 Esp. R. 13, in which case Lord Kenyon held parol testimony admissible, saying, "that although the written security was the *foundation* of the action, the *immediate cause* of action was money paid the defendant's testator." So in the case at bar, the *foundation* of the action is the note executed to the Bank of Woodstock, but the *immediate cause* of action is the payment of money by the plaintiff upon the note, or the judgment, in which the note was merged; and this might well be proved by parol testimony.

2. The next exception in the case, which is presented for consideration, arises upon the decision of the court, in admitting Bryant as a witness, who was offered by the plaintiff, and objected to by the defendant on the ground of interest. It appears, that the plaintiff made an assignment of this claim to Bryant and two others, that, previous to the assignment, Bryant, Hutchinson and Lyman, the assignees, had become sureties for Hayden, and that the assignment was made for the purpose of indemnifying them for their liability, thus previously incurred. To remove his interest Bryant executed to Hutchinson and Lyman, his co-assignees, a release of all his interest in the assignment ; and the court adjudged this sufficient to remove his interest, and he was admitted as a witness.

It is still contended by the defendant, that Bryant remained interested, notwithstanding the release, inasmuch as he would be liable to Hammond, the assignee in bankruptcy, for the cost of this suit. The correctness of this proposition would be readily conceded, provided the fact of his liability for cost was established. Bryant is not a party of record, nor does it appear from any thing, which is before us, that he, or his co-assignees, procured Hammond to enter as prosecutor ; and if they did not so procure him, we do not perceive how they could be made liable to him for costs. But we think, upon an examination of the papers in the case, that we are justified in the belief, that Hammond must have entered as prosecutor at the request of Hayden, who was bound, by his deed of assignment, to prosecute the suit, or at his own suggestions, upon the belief of some supposed interest, which the creditors of Hayden, the bankrupt, might have in the suit ; in neither of which events would Bryant, or his co-assignees, be liable to him for costs. We are therefore of opinion, that the exception cannot be sustained upon this ground. The facts in the case entirely fail to establish his liability for costs.

3. But it is farther insisted, that the introducing Hammond, the assignee in bankruptcy, as plaintiff of record operated a discontinuance of the suit.

No authorities are produced to sustain this objection, nor do we perceive, how the entry of Hammond can produce such a result. Hayden remains plaintiff upon the record, prosecuting the suit by Hammond, the assignee in bankruptcy. This entry has in no manner affected, or prejudiced, the rights of the parties. It cannot

operate an injury to the defendant, that Hammond should be the trustee of Hayden's assignees, or in any manner prejudice his defence.  In the event that Hayden should otherwise indemnify and discharge his assignees from their liability incurred for him, and the assignment thereby become inoperative, Hammond would be properly prosecuting the suit and would hold the amount recovered for the benefit of the creditors of Hayden, the bankrupt.  We are therefore satisfied with the ruling and charge of the court upon this part of the case.

But the question still remains, is not Bryant interested in the suit?  He was objected to as a witness on the ground of interest generally.  His release to his co-assignees of his interest in the property embraced in the assignment was doubtless supposed by the county court to remove his interest and render him competent. The conveyance, most certainly, was sufficient to transfer all his interest in the property assigned; but, on examining the assignment, we are inclined to believe, that it discloses a farther interest in him, which, without a farther discharge, still leaves him an incompetent witness.  At the time the assignment was made, Bryant, Hutchinson and Lyman, as the sureties of Hayden, had incurred certain liabilities for him, which were then, and, for aught that appears, are still, outstanding.  The assignment was made to indemnify them against those liabilities.  If Hutchinson and Lyman should be made chargeable upon those liabilities, we do not see why Bryant, as their co-surety, would not be liable to them for contribution.  If we are correct in this, Bryant, notwithstanding his release to his co-assignees had a direct interest in sustaining their claim, in order to reduce, or cancel, the liabilities, for which he was subject to contribution to Hutchinson and Lyman, his co-sureties.  He was therefore an incompetent witness, and for this cause, the judgment of the county court is reversed.