# SUPREME JUDICIAL COURT,

FOR THE

## EASTERN DISTRICT,

### 1852.

COUNTY OF PENOBSCOT.

NASON *versus* DINSMORE *& al.*

A contract, made on the Lord's day, and before sunset of that day, is illegal and void.

A contract, proved to have been made on the Lord's day, is not thereby rendered invalid, unless it be also proved, that it was made before sunset.

Upon a contract, dated on the Lord's day, no presumption arises that it was made before sunset, but rather that it was made upon that part of the day, in which it was lawful to do it.

Such a date, therefore, in the absence of other evidence, will not support a defence.

ON EXCEPTIONS from the *District Court*, HATHAWAY, J.

DEBT on bond. The bond was dated April 8, 1849, which was the *Lord's day*, and for that reason the defendants contended that it was void.

The Judge ruled that the date of itself, without further evidence, would not support the defence. To that ruling the defendants excepted.

*Dinsmore*, for the defendants.

*A. Sanborn*, for the plaintiff.

WELLS, J. — It has been decided in the case of *Towle* v. *Larrabee*, 26 Maine, 464, that a contract made before sunset on the Lord's day is void.

By statute, c. 160, § 26, any person, who shall do any work, labor or business, works of necessity or charity excepted, on the Lord's day, is punishable by fine. But it is provided by the twenty-eighth section of the same chapter, that "for the purposes of the provisions of the two preceding sections, the Lord's day shall be construed to include the time between the midnight preceding, and the sunsetting of the same day."

The bond in suit purports to be dated on Sunday, but it might have been made after sunset on that day, when the making of it was not unlawful. If the defendants would avoid their bond, they must show it was made in violation of law, and it is to be considered valid until it appears to be otherwise. There is nothing in the bond itself, which necessarily shows it to be illegal. It does not appear by any thing exhibited in the case that it is void. The defendants allege an infirmity in the bond, which does not appear on its face, and the burden of proof is on them to show its existence. The presumption is, that the parties acted in conformity to law, and not in opposition to it, and the bond must therefore be regarded as valid.

SHEPLEY, C. J., RICE and APPLETON, J. J. concurred.

*Exceptions overruled.*