GEORGE W. BRADSTREET *v.* BANK OF ROYALTON.

*Corporation. Bank. Directors. Contract. Book Account. Auditor's Report.*

Where a person was employed by three of the five directors of a bank, and the contract of employment was not known to the other two, the court will not infer from this that the engagement was designedly concealed.

The contract having been originally made by two directors and subsequently approved by a third, and the contract not being in terms limited as to time, and the same three directors by re-election continuing in office during the entire service, (five years,) the court will infer that it was approved by all three during the whole time, although it did not affirmatively appear that more than two of them assented after the first year.

Where an auditor finds what would be a reasonable compensation for services rendered, the court will infer that the services were substantial and valuable, although their character does not appear.

It is not necessary in all cases, in order to bind a bank, that the whole board of directors should be consulted or a formal vote taken upon every trifling detail of business. If a particular line of procedure has been resolved upon or is necessarily incident to the business of the bank, it is not essential that every expenditure of money or engagement of service or other item, within the line so marked out, should receive the consideration of all the directors outside a meeting, or that a meeting of the board should act upon it.

The plaintiff was employed by two of the five directors of the defendant bank "to work for the interests of the bank instead of against it," and the contract was approved of by a third director six months afterwards, and these three were continued directors by re-election for the whole term of plaintiff's service, two of them expressly recognizing him in the service of the bank all the time, and the third never dissenting. The auditor found what would be reasonable compensation for the service if the bank was bound by a contract so made; but did not find what the character of the service was. *Held*, that the court is bound to presume the service was in the line of business incident to a banking institution, and which these directors secured of the plaintiff in execution of the general plan of business adopted by the bank, and that the plaintiff, under the circumstances of the case, was entitled to recover for his services for the whole time.

BOOK ACCOUNT.  The auditor reported substantially as follows : The plaintiff's account was as follows :

BANK OF ROYALTON,

To GEORGE W. BRADSTREET, *Dr.*

| | | | | | |
|---|---|---|---|---|---|
| 1860. | To services rendered, | | 10 months | $50 | 00 |
| 1861. | " | " | " | 1 year | 75 | 00 |
| 1862. | " | " | " | " | 75 | 00 |
| 1863. | " | " | " | " | 75 | 00 |
| 1864. | " | " | " | " | 75 | 00 |
| 1865. | " | " | " | " | 75 | 00 |

$425 00

Interest to

In respect to which the auditor found the following facts:

That immediately prior to said year when the plaintiff's account is claimed to have begun, the plaintiff had been, for one or two years or more, a director of the defendant bank, and that he ceased to be such just previous to the time when the services for which he claims in his account commenced; that in January or February, 1860, Perley C. Jones, the then president and one of the directors of the defendant bank, and Aaron N. King, another director, employed the plaintiff "to work for the interests of the bank instead of against it," with the promise that the bank would pay him for his services; that this employment and promise were not made known to any other director of the bank until some six months after the same was entered into, when the said Jones informed Mr. Sprague, another director, now deceased, who indorsed and approved of the action of himself and director King in their employment of the plaintiff; that at the time of entering into the agreement for services as claimed, there were four directors only, and but five at any time in question, and the directors, Jones, King, and Sprague, continued to be such by successive annual re-elections during the time covered by the plaintiff's claim for services, and that both Jones and King treated and considered the plaintiff as continuing in the employment of the bank pursuant to the original agreement, so long as they and the said Sprague continued to be directors, but the fact does not appear that Sprague was consulted in reference to the employment of the plaintiff except in the year 1860; that the cashier of said bank, and another of the directors of the same, were not informed by the plaintiff, nor by said Jones or King, of the existence of the plaintiff's claim; that the accounts of said bank had been balanced and reported to the bank commissioner several times while the plaintiff's services (for which he has charged) continued, without including plaintiff's claim among the liabilities of the bank, and this with knowledge of these facts on the part of the plaintiff while the cashier of the bank was ignorant of the existence of such claim.

The auditor found that if the plaintiff was entitled to recover of the bank for his services for any portion of the time charged, under the contract and facts as above set forth and found, then he was entitled to reasonable compensation for such time as the bank was bound to pay for, and the auditor found that the time, from the plaintiff's first employment by Jones and King up to the time that Sprague endorsed and assented to the same, was six months, and that a reasonable compensation therefor would be thirty dollars; and from the time of said endorsement by Sprague to

the end of the official year of that board of directors was four months, and a reasonable compensation therefor would be twenty dollars; and from that time to the end of the plaintiff's service, for which he claims pay in his account, was five years, and that reasonable compensation therefor would be seventy-five dollars per year, making $375. The auditor submitted to the court as matter of law (1) whether the directors of a bank have the right to employ persons, not directors, to work for the interests of the bank, and to bind the bank to compensate them for their services; and if so, (2) whether a contract made by two of the directors of a bank, and six months afterwards "indorsed" or approved by a third, as found in this case, is sufficient to bind the bank to the payment of the person for his services from that time to the end of the official year of that board of directors; and (3) whether such indorsement would have relation back to the time of the plaintiff's first employment by King and Jones, so as to make the contract of employment binding upon the bank *ab initio ;* and (4) whether under the facts above stated in respect to said employment of the plaintiff and the re-election of said directors from year to year, the plaintiff was entitled to recover for services subsequent to said first official year. The auditor found what interest was due, if any, in respect to which no question was made. The auditor reported that he was requested by the defendant, at the term of the court when his report was filed, to find and report as a fact that a portion of said claim was barred by the statute of limitations, but as that statute was not pleaded at the hearing before him nor claimed in argument, the auditor declined to so report.

The defendant also requested the auditor to report additional facts as follows:

1. " That the cashier of the bank and some of its directors were not informed of the defendant's claim, and the existence of said claim was concealed from and kept secret from said officers purposely and diligently."

\*      \*      \*      \*      \*      \*      \*

4. " State in full what services the plaintiff rendered; give items in detail."

The defendant excepted to the report filed by the auditor in this suit for the following reasons:

1. " Because the auditor does not find and report what services, if any, were performed by the plaintiff for the defendant bank.

2. " Because the auditor does not comply with the request of

the defendant's counsel to report ' in full what services the plaintiff rendered—giving items in detail.'

3. " Because the auditor does not find and report any facts as to the plaintiff's pretended claim for services which justify a finding in favor of the plaintiff for any sum whatever.

4. " Because the auditor does not find and report the facts as to the statute of limitations as requested by the defendant's counsel."

The court, at the December term, 1868, BARRETT, J., presiding, accepted the report and rendered judgment thereon for the plaintiff for the largest sum named in the report, it being for the whole time claimed by the plaintiff, to which the defendant excepted.

*D. C. & H. H. Denison*, and *W. C. French*, for the defendant.

Unless it distinctly appears that the services were such as the directors had a right to employ the plaintiff to perform, he can not recover. The directors of a bank can not bind the bank beyond the authority given them by charter or entrusted to them by the stockholders. Angell & Ames on Corp., 199, § 1, and 293, § 2; *Wyman* v. *Hallowell Bk.*, 14 Mass., 57; *Salem Bank* v. *Gloucester Bank*, 17 Mass., 1; *Beatty* v. *Marine Ins. Co.*, 2 Johns., 109. If the charter and laws are silent as to what contracts a corporation may make, it has power to make such contracts only as are usual in their course of business. Angell & Ames on Corp., 245, and cases cited; *Bussey* v. *Gilmore*, 3 Greenl., 191.

In what manner may a corporation bind itself by contract? Corporations are bound by the acts of their agents, within the scope of their authority; directors can only bind their corporations when they act officially and as bound by legal vote within the scope of their authority. Angell & Ames, p. 288, § 9; *Ib.*, p. 203, § 3; *National Bk.* v. *Norton*, 1 Hill, 572, 578; *Washington Bk.* v. *Lewis*, 22 Pick., 24, 31; *Hartford Bk.* v. *Hart*, 3 Day, 491, 495; *Hayward* v. *Pilgrim Society*, 21 Pick., 270; *Burrill* v. *Nahant Bk.*, 2 Met., 163, 166; *Beatty* v. *Marine Ins. Co.*, 2 Johns., 109.

No act can be done by the board of directors, valid and binding on the corporation, unless a majority of the board are present

to constitute a quorum.    Angell & Ames, 460, § 8; *Ex parte Willcocks*, 7 Cowen, 402 ; *Trott et al.* v. *Warren*, 2 Fairf., 227.

If the meetings of the board of directors are not at stated and fixed times, all must have notice of the meeting, or the act of the majority will not be legal and binding.    *Grendley* v. *Barker*, 1 Bos. & Pul., 229, 236 ; *Jackson* v. *Hampden*, 16 Me., 184 ; *Damon* v. *Granby*, 2 Pick., 345–354 ; *Crofoot* v. *Allen*, 2 Wend., 494 ; *Dispatch Line* v. *B. Manf. Co.*, 12 N. H., 205.    This latter case is directly in point and very much like the case at bar.

In the case of boards acting judicially, all must be present and participate in the deliberations.    *Newell* v. *Keith, Ex.*, 11 Vt., 214 ; *Short* v. *Pratt*, 6 Mass., 495 ; *Ex parte Rogers*, 7 Cowen, 526.

The fact that this contract was kept secret from the other directors, including the cashier, shows that it was entered into fraudulently and can not be sustained.    *Dispatch Line* v. *B. Manf. Co.*, 12 N. H., 205.

If this contract is binding at all it can only be so for the first year.    The power of the three directors ceased on the election of the new board.    *Ib.* p. 275, § 5.

*Marcy & Edminster*, for the plaintiff.

The opinion of the court was delivered by

STEELE, J.    The report of the auditor and the judgment thereon in the county court are in favor of the plaintiff.    The defendant alleges error.    This allegation is not supported by showing that there may have been error ; on the contrary all reasonable intendments are to be made in support of the conclusions and judgment of the auditor and county court.    This rule of interpretation destroys the basis of fact upon which many of the questions of law raised in argument rest for their pertinence.

I.    1. The auditor finds that the contract by which the plaintiff was employed was not known to any officer of the bank except three of the five directors.    It is not for us to infer from this that the engagement was designedly concealed.

2. The contract with the plaintiff having been originally made by two directors and subsequently approved by a third, and the

contract not being in terms limited as to time, and the same three directors by re-election continuing in office during the entire service, we should infer that it was approved by all three during the whole time, although it does not appear affirmatively that more than two of them assented to the same after the first year. The plaintiff continuing to render the same service had a right to suppose he was continuing under the same terms, especially as two of the directors recognized him as in their service and the third expressed no dissent.

3. The character of the services upon which the plaintiff's suit is founded does not appear in the report, but the auditor finds what would be a reasonable compensation for them. From this, although there are some expressions in the report that render the fact very doubtful, we must infer that the services were substantial and valuable.

4. The auditor submits the question of law to the court whether the number of directors stated in the case could, without conference with the others and without a formal vote, bind the bank by their agreement. The question is submitted upon the objection to the number of directors and upon the lack of a vote, and not upon the nature of the service procured. We must presume that no question arises upon the character of the service, but that this was such a contract for service as the directors would be authorized to make if they would be authorized to make *any* without a vote or a conference with the whole board. Had there been anything in the nature of the services to absolve the bank from liability, it is fair to presume that it would have been made a point before the auditor, and special report upon that subject called for at the time.

II. The question of law, then, is simply this: whether, in all cases, a contract for service to the bank, concluded by two directors professing to act for the bank and subsequently approved by a third, is unauthorized for want of a formal vote or conference with the other two members of the board. It is very true that there might be contracts of such a kind that the action of the board, by formal vote, would be essential to their validity. But, on the other hand, it is not necessary that the whole board should be con-

sulted or a vote taken upon every trifling detail of the business. If a particular line of procedure has been resolved upon, or is necessarily incident to the business of the bank, it is not essential that every expenditure of money, or engagement of service, or other item within the line so marked out, should receive the consideration of all the directors outside a meeting, or that a meeting of the board should act upon it. Nor is it true that all the executive business which pertains to a bank comes solely within the province of the cashier. The amount of expenditure which the engagement of the plaintiff involved is not so great as to indicate of itself a contract which the corporation by its board of directors need consider. Still the amount of expenditure involved is not decisive of the matter, but in absence of any finding as to the character of the service, we are, we think, bound to presume it was some service in the line of business incident to a banking institution and which these directors secured of the plaintiff in execution of the general plan of business adopted by the bank.

The judgment of the county court is affirmed.