## ROSINA HUTCHINSON v. ELISHA H. FORD.

*Deed, construction. General assumpsit. When administrator may sue in his own name.*

1. H. conveyed certain land to the defendant by deed warranty, conditioned that said land should belong to the grantor until a given note was paid; and also, "that if the said Ford shall cut from said land other wood than is necessary for sugar wood and for the making of fence on said premises, then the avails of said wood so cut shall be applied to said note." *Held,* that the term "wood" was used in its generic sense, and included the trees growing on the premises.

2. Plaintiff was the administratrix of H. and had become the owner of said note before his death. *Held,* that she might recover in general assumpsit in her own name the amount which the defendant had received for trees taken from said land, and converted into money by him since the death of H., it being immaterial whether she held title to such avails as administratrix or in her private capacity.

Action, general assumpsit. Plea, the general issue. Trial by jury at the June Term, Orange County, 1888, POWERS, J., presiding. Verdict and judgment for the plaintiff. Exceptions by the defendant.

The plaintiff claimed to recover in respect of three items :

1. The amount of a promissory note for $50.

2. Two years interest on the note for $556, given for the Pratt land.

3. For the avails of trees, wood, lumber and bark taken by the defendant from the said Pratt land and disposed of.

No question was made as to the plaintiff's right of recovery for the first two items. As to the third item the defendant contended that no recovery at all could be had in this form of action, and that only the "wood" could be recovered for in any action. The facts as to this item sufficiently appear in the opinion.

*J. D. Denison,* for the defendant.

(7)

The plaintiff can only recover for the third item in an action of covenant or special assumpsit. Chit. Pl. 118 ; *Young* v. *Preston*, 4 Cranch, 239 ; *Myric* v. *Slason*, 19 Vt. 121 ; *Camp* v. *Barker*, 21 Vt. 469.

*Hard & Cushman*, for the plaintiff.

No action of covenant would lie against the defendant in behalf of any one for the matters embraced in the third item. The defendant did not execute the deed, he only accepted it. *Johnson* v. *Muzzey*, 45 Vt. 419 ; *Gale* v. *Nixon*, 6 Cow. 445 ; *Hinsdale* v. *Humphrey*, 15 Conn. 431; *Trustees* v. *Spencer*, 7 Ohio St. 11, 149.

The wood and timber never belonged to the defendant. Legally they continued to be the property of the grantor. Equitably they belonged to the owner of the note, who was the plaintiff. Hence the law implies a promise to pay her the money which, in equity and good conscience, was hers. *Phelps* v *Conant*, 30 Vt. 277, 284 ; *Burnham* v. *Strafford*, 53 Vt. 614; *Putnam* v. *Field*, 103 Mass. 557 ; *Felch* v. *Taylor*, 13 Pick. 133, 137 ; *Weston* v. *Baker*, 12 Johns. 276, 278 ; *Del. & H. C. Co.* v. *Bank*, 4 Denio, 97 ; *Lawrence* v. *Fox*, 20 N. Y. 268, 278.

Moreover, the deed expressly provides that these avails shall be applied to the payment of this note. *Pike* v. *Brown*, 12 Johns. 276, 278.

The promise of the defendant to pay the plaintiff the amount of these avails was upon good consideration. *Sampson* v. *Swift*, 11 Vt. 315 ; *Hall* v. *Huntoon*, 17 Vt. 252 ; *Dutton* v. *Pool*, 2 Lev. 210 ; s. c. 1 Vent. 317 ; Raym. 302.

The opinion of the court was delivered by

ROWELL, J. Plaintiff's husband, of whose estate she is administratrix, sold defendant land, called the Pratt lot, and the deed was conditioned that the land should remain the grantor's and belong to him till the defendant paid his note for $556, payable to the grantor or bearer at ten years' date, with interest

annually. It was also conditioned that if defendant cut from the lot "other wood than is necessary for sugar wood and for the making of fences on the premises," the avails thereof should be applied on the note.

On the death of her husband in 1881, which was before the cutting of the wood and lumber in question, plaintiff became and was the owner of said note in her own right, and has ever since been and still is such owner. The defendant paid her the interest on the note from 1882 to 1885 inclusive, and promised to pay her the avails of said wood and lumber, but did not, and she now seeks to recover the same with other things, to the recovery of which no objection is made.

The exceptions do not in terms show that the wood and lumber had been converted into money by the defendant; but his counsel treat the record as showing that, and therefore we treat it so, and this is probably the fair inference from the exceptions as drawn.

The defendant claims that the word "wood," as used in the condition of the deed, cannot be construed to comprehend lumber and bark, and so that no recovery can be had for the avails thereof. But it appears that the parties had given it that construction, and we give it the same construction, for it is evident that it is used in its generic sense, which of course includes all the growing trees upon the lot.

Defendant also claims that he had a right to take sugar wood from the lot to use on his home farm in making sugar from the sap that ran on the lot. It does not appear that the court charged otherwise. We construe the exceptions to mean that the court charged that defendant could not take wood from that lot to use on the home farm in making sugar from sap that ran on that farm ; not that he could not boil off from the lot sap that ran thereon, with wood taken therefrom.

But the principal claim is that the plaintiff cannot maintain general assumpsit for the avails of the wood and lumber, but must resort to covenant or special assumpsit. We do not decide

definitely whether she could maintain general assumpsit or not if she were not administratrix, but determine the question with that fact involved.

By the terms of the deed the title of the land remains in the grantor as security for the payment of the note mentioned in the condition, and the title will not pass to the defendant until the note is paid. When the plaintiff became the owner of the note, she thereby, nothing to the contrary appearing, acquired an equitable title to the security, the legal title thereof remaining in the estate. When the wood and lumber were cut and disposed of by the defendant, they were the legal property of the estate and the equitable property of the plaintiff, and so of the avails; and as the plaintiff is in fact administratrix of the estate, it is immaterial that the legal title of the avails is in the estate or in her in her representative capacity and not in her private capacity, for as the cause of action accrued after the death of her husband, it accrued to her in one capacity or the other, and she may recover upon it in a suit brought in her private capacity, whichever way it is, irrespective of whether the amount recovered will be assets in her hands or belong to her individually. *Haskell* v. *Bowen*, 44 Vt. 579.

*Judgment affirmed.*