Statement of Facts.


COMMONWEALTH v. W. M. GILLESPIE.

COMMONWEALTH v. ALBERT VARNER.

APPEALS * BY DEFENDANTS FROM THE COURT OF QUARTER SES-
SIONS OF ALLEGHENY COUNTY.

Argued November 2, 1891—Decided January 4, 1892.

1. The question whether the pumping of an oil well on Sunday was a work
   of necessity, within the meaning of the exception of § 1, act of April 22,
   1794, 3 Sm. L. 177, was a question of fact; and, having been found against
   the defendants by the court below, the finding cannot be reviewed on the
   merits by the Supreme Court.
2. On certiorari, the case cannot be reviewed on the evidence ; and the act
   of April 26, 1855, P. L. 321, under which the fine of twenty-five dollars
   was imposed for a violation of the act of April 22, 1794, in Allegheny
   county, does not provide for an appeal from the judgment of the Court
   of Quarter Sessions.†

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and
MITCHELL, JJ.

Nos. 226, 227 October Term 1891, Sup. Ct.; court below,
Nos. 34, 35 March Term 1891, Q. S.


On May 19, 1891, appeals were allowed, from the summary
convictions of W. M. Gillespie and Albert Varner before an
alderman, on informations charging, severally, that the defend-
ants, "on May 10, 1891, the said day being the Lord's day,
commonly called Sunday, did and performed worldly employ-
ment and business in said county, the same not being the work
of necessity or charity," in violation of the act of April 22, 1794,
3 Sm. L. 177, " in pumping oil and water, and causing the same
to be pumped, at the well known as the Gillespie well No. 3,"
in Robinson township.‡    It was shown that W. M. Gillespie
was one of the owners of said well, and Albert Varner an em-
ployee.

* See foot-note, ante 111.

† Nor does the act of April 17, 1876, P. L. 29, relating to appeals to the
Quarter Sessions in cases of summary convictions before magistrates.

‡ See act of April 26, 1855, P. L. 321.

Opinion of the Court.

After hearing and argument, the court, WHITE, J., on June 22, 1891, filed a decision printed in full in Commonwealth v. Gillespie, 10 Pa. C. C. R. 89, finding in each case, " from the evidence that the pumping of the well in this case, on Sunday, May 10, 1891, was not a work of necessity in the meaning of the exception in the act of April 22, 1794, and that the defendant is guilty, in pumping said well, of performing a worldly employment and business on that Sunday, contrary to the provisions of said act of assembly." Formal orders having been entered, adjudging the defendants to pay the costs before the magistrate, the fines of twenty-five dollars "each by him imposed,* and the costs in the Quarter Sessions, the defendants took these appeals to this court, assigning the said orders for error.

*Mr. J. S. Ferguson* (with him *Mr. P. C. Knox, Mr. John R. Harbison* and *Mr. E. G. Ferguson*), for the appellants.

As to " works of necessity," counsel cited : McGatrick v. Mason, 4 Ward. (Ohio) 573 ; Flagg v. Millbury, 4 Cush. 243 ; Wilkinson v. State, 59 Ind. 416 (26 Am. Rep. 84) ; Manhattan Co. v. French, 12 Abb. N. C. 446 ; Carver v. State, 69 Ind. 64 (35 Am. Rep. 205) ; Commonwealth v. Nesbit, 34 Pa. 409 ; Sparhawk v. Railway Co., 54 Pa. 449.

*Mr. William Yost*, for the appellee.

Counsel cited : Commonwealth v. Sampson, 97 Mass. 407 ; Jones v. Andover, 92 Mass. 18 ; Commonwealth v. Nagle, 117 Mass. 142 ; Commonwealth v. Boston, 117 Mass. 64 ; Commonwealth v. Williams, 1 Pears. 61 ; Handy v. Publishing Co., 41 Minn. 188 ; Sparhawk v. Railway Co., 54 Pa. 407, 408 ; Johnston v. Commonwealth, 22 Pa. 108.

PER CURIAM :

Whether pumping an oil well on the Sabbath is a work of necessity, within the meaning of the act of April 22, 1794, is a question of fact ; and it has been decided against the defendants by the learned judge of the court below. It is idle, and a great waste of time, to bring such questions here upon a certiorari. The act of April 26, 1855, P. L. 321, under which the fines

---

See § 3, act of April 26, 1855, P. L. 322.

were imposed in these cases, does not provide for an appeal; and upon the writ of certiorari, as we have said in at least a hundred cases, we cannot review the evidence.

Judgment affirmed.