James G. Bates *v.* William H. Sabin.

## JAMES G. BATES *v.* WILLIAM H. SABIN.

*Adjournment of County Court. To place other than court house. By a single judge. Error must affirmatively appear. Statute of limitations. Items of credit not claimed, Wife not a witness. Services performed on Sunday. Statute of frauds. Novation. Administrator may recover in individual capacity for debt due estate. Computation of interest. Memorandum books as evidence.*

1. The County Court for the county of Windsor may be adjourned from the court house to the residence of one of the assistant judges in Woodstock.

2. The presiding judge alone may make such adjournment if the two assistant judges are disqualified from acting.

3. Sickness is a legal disqualification; and where the exceptions state that one assistant judge was confined to his house by ill health and that the other was absent, error in making the adjournment does not affirmatively appear, for it is the duty of the assistant judge to be present unless disqualified, and the presumption is that he does his duty.

James G. Bates *v.* William H. Sabin.

4. In an action of book account one party may credit the other with items, which are proper items of credit, and thereby avoid the operation of the statute of limitations, although the other party claims nothing by reason of such items and insists that they should not be credited to him.

5. The defendant directed his wife to pay the plaintiff for certain services and the wife did pay him in the presence of her husband. *Held,* that the wife was not a competent witness to this fact, for that in the making of such payment she was not the agent of her husband.

6. The auditor reported, in respect to certain items which he allowed the plaintiff, that they were for services performed on Sunday. *Held,* that the allowance by the auditor would not be set aside in Supreme Court since it did not affirmatively appear that the service was performed before sunset on Sunday nor that it was not a work of charity or necessity.

7. The defendant being indebted to C and C being indebted to the plaintiff, it was agreed between the three that the plaintiff should discharge C and that the defendant should pay the plaintiff the amount which he owed C. *Held,* that this promise of the defendant was an original one and not within the statute of frauds.

8. The plaintiff may recover in his individual capacity for material sold by him to the defendant, although the material belonged to an estate of which the plaintiff was the administrator, and although the plaintiff has not accounted to said estate for the same.

9. The auditor not having been requested to report what method he used in the computation of interest, the judgment of the County Court accepting the report will not be reversed, because it does not appear from the report what method he adopted, nor how he could have arrived at the result in respect of interest which he did.

10. Memorandum books, though not independent evidence, are admissible in connection with the testimony of the one who kept them.

11. A party may testify to services performed by him in serving certain writs without the production of the writs themselves.

Book account. Heard on the report of an auditor at the December term, 1891, Taft, J., presiding. Judgment *pro forma* for the plaintiff for the amount found due by the auditor. The defendant excepts. The opinion states the case.

*Gilbert A. Davis* and *Norman Paul,* for the defendant.

The adjournment to the house of Judge Marsh was illegal.

(*a.*) A county court is to be holden at the court house and at the times and places appointed by law. R. L. ss. 2562; 796; *French* v. *Barre,* 58 Vt. 575.

(*b.*) It is only when two judges are disqualified that one may try a case pending therein. R. L. s. 797.

One judge may adjourn until a quorum convenes. R. L. s. 803. But this was not such an adjournment. *Hoar* v. *Commissioners,* 2 Vt. 402.

The plaintiff had no right under the circumstances of this case to remove the bar of the statute of limitations by giving the defendant credit for items which he had never charged, and for which he did not claim payment. Ang. Lim., p. 140, 141, and 142; *Hodge* v. *Hanley,* 25 Vt. 210; *Austin* v. *McClure,* 60 Vt. 453.

The wife was the agent of her husband, and, therefore, a competent witness. R. L. s. 1005; acts of 1888, No. 45; *Lunay* v. *Pantyne,* 40 Vt. 501; *Pierce* v. *Bradford,* 23 Atl. Rep. 637.

The plaintiffs memorandum books were improperly admitted. *Parris* v. *Bellows,* 52 Vt. 531; *Baird* v. *Fletcher,* 50 Vt. 603; *Lapham* v. *Kelley,* 35 Vt. 195; *Cross* v. *Bartholomew,* 42 Vt. 206; *Colding* v. *Orcutt,* 44 Vt. 54.

The plaintiff cannot recover in this suit what was due him as administrater. Croswell on Exrs. and Admrs. 448; *Haskell* v. *Bowen,* 44 Vt. 579; *Smith* v. *Purmort's Admrs.* 63 Vt. 378.

*William Batchelder,* and *William E. Johnson,* for the plaintiff.

The wife was not a competent witness. She was not the agent of her husband within the meaning of the statute. *Eastabrooks* v. *Prentiss,* 34 Vt. 457; *Orcutt* v. *Cook's Estate,* 37 Vt. 515; 2 Kent. Com. 612.

The auditor has found that the items of credit allowed the defendant by which the statute bar is removed, were proper items

of credit, and that finding is conclusive. *Wood* v. *Barney*, 2 Vt. 369; *Fay et al.* v. *Green*, 2 Aik. 386; *Rixford* v. *Miller*, 49 Vt. 319; *Bagley* v. *Moulton*, 42 Vt. 184.

The plaintiff may recover in this suit the amount due him as administrator. *Aiken* v. *Bridgman*, 37 Vt. 250; *Adams* v. *Campbell*, 4 Vt. 447; *Manwell* v. *Briggs*, 17 Vt. 176; *White* v. *Pulley*, 27 Fed. Rep. 436; *Haskell* v. *Bowen*, 44 Vt. 579; *Rix* v. *Adams*, 26 Vt. 384.

The mere fact that the service was performed on Sunday is not enough to reverse the auditor's allowance of the amount due for that service. *May et al.* v. *Brownell*, 3 Vt. 463; *Clark* v. *Whipple*, 12 Vt. 483; *Bradstreet* v. *Bank of Royalton*, 42 Vt. 128; *Wait* v. *Johnson*, 24 Vt. 112; *Nason* v. *Dinsmore*, 34 Me. 391; R. L. s. 4315.

The presumption is, that the auditor computed the interest correctly, and the contrary does not appear from the report. *Cobleigh* v. *Stone*, 29 Vt. 525.

The agreement of the defendant to pay the plaintiff the amount of Crosby's debt was not within the statute of frauds. *Watson* v. *Jacobs*, 29 Vt. 169; *Anderson* v. *Davis*, 9 Vt. 136; *Williams* v. *Little*, 35 Vt. 323; *Fullam* v. *Adams*, 37 Vt. 394.

The plaintiff's memorandum books were admissible in connection with his testimony. *Soules* v. *Burton*, 36 Vt. 652; *Lapham* v. *Kelley*, 35 Vt. 195; *Cross* v. *Bartholomew*, 42 Vt. 206.

The presiding judge had power to adjourn as he did. The statute does not limit the place in Woodstock where the County Court shall be held. Com. St., Chap. 46, s. 5.

Moreover upon the exceptions the presiding judge might have disposed of the case alone, the presumption being that the other two were disqualified. R. L. s. 797.

The opinion of the court was delivered by

START, J. 1. On the 31st day of December, 1891, the Windsor County Court took a recess until the 9th day of Janu-

ary, 1892, at which time R. S. Taft, the presiding judge, was present; William Rounds, assistant judge, was absent; Charles P. Marsh, assistant judge, was ill at, and unable to leave, his residence, situated in the village of Woodstock a short distance from the court house. The court adjourned to the residence of Judge Marsh, and there rendered judgment *pro forma* for the plaintiff. The defendant excepted to the action of the court in adjourning to, and rendering judgment at, Judge Marsh's residence.

The Compiled Statutes, chap. 46, sec. 5, provides that the County Court for Windsor county shall be held at Woodstock, and the place of holding the court does not appear to have been more definitely fixed by any statute. R. L. sec. 804, provides that the Supreme and County Courts, when the state of business requires it, may adjourn their respective courts within the county in which they are usually held to any day previous to the next stated term. The power of the County Court for Windsor county in respect to time and place of adjournment is not limited, except as provided in the section above referred to; it had power to adjourn to Judge Marsh's residence, and the adjournment by the presiding judge must be regarded as the act of the court.

R. L., sec. 797, provides that one judge of the County Court may try and determine causes pending in such court, when the other judges are disqualified. The power thus conferred necessarily includes the power to adjourn the court, and, in this respect, the presiding judge had the same authority that is given to County Courts by sec. 804 of R. L. Judge Marsh was sick and unable to go to the court house. This was a legal disqualification. In *State* v. *Blair et al.*, 53 Vt. 24, it is held that legal disqualification in a judge may originate in physical causes, as well as interest or relationship. It does not appear why Judge Rounds was not present. It was his duty to be present, unless he was physically or otherwise disqualified; and this court will not pre-

sume that he did not do his duty.    He  may have been disqualified.    Error must appear in order to justify this Court in reversing the judgment of the court below.    The  presumption is that there is no error, when, from the  statement  in  the  exceptions, none appears affirmatively.  *McNeish* v. *U. S. Hulless Oat Co.*, 57 Vt. 316.

2.    The statute of limitations is a  bar  to  the plaintiff's recovery, unless his account is taken out of its operation by certain credits allowed to the defendant by the auditor.    In respect to these credits, the auditor finds, that it  was  agreed  between the parties that the defendant should furnish  the  plaintiff  board at twenty-five cents a meal; that, under this agreement,  the plaintiff had board at the defendant's house, but that the  defendant testified that he claimed nothing for  board  after  September 3, 1883, and had no  charge  for  the same  after that date.    The auditor has found that this agreement was not limited as to time, and that the items for  board  subsequent  to September 3, 1883, allowed by him, are proper items of  credit.    It is not claimed that the evidence did not tend to  show  that the  board  was a proper item of credit; and,  the  auditor  having  so found, his finding is conclusive.  *Rixford* v. *Miller, Bort and Van Vetchten*, 49 Vt. 319.    The item of board being a proper credit to the defendant, the plaintiff's account is saved from the operation of the statute.  *Chapman* v. *Goodrich*, 55 Vt. 354.

In *Davis* v. *Smith*, 48 Vt. 52, it was held, that, in  matters of account, one party may credit to the other  items  that represent a legal indebtedness that should  go  into  the  account and thereby avoid the bar of the statute of  limitations, although the other party has not  charged  such  items  and  insists that they should not be allowed him.

3.    Items 144 and 145 of the plaintiff's specification are for services and expenses incurred in attending court as a witness for the defendant.    The auditor finds that the  defendant  directed his wife to pay his witnesses, and, from the testimony of  the de-

fendant's wife, finds that she did pay the plaintiff in the presence of her husband. If the defendant's wife was a competent witness under the circumstances, the auditor finds these items should be disallowed; otherwise, they should be allowed.

The competency of the defendant's wife as a witness under the circumstances reported by the auditor depends upon the construction to be given No. 45 of the Acts of 1886. This act provides, that, in matters of business transactions conducted by a husband as the agent of the wife, or by the wife as the agent of her husband, both husband and wife shall be competent witnesses for each other. The claimed payment was made by the wife by direction of the husband and in his presence. Can it be said that this was a business transaction had and conducted by the wife as the agent of her husband? We think not. The transaction must be regarded as having been conducted by himself. It cannot be said that this business was had with and conducted by his agent, when he was present and directed to be done just what was done. The statute clearly has reference to business transactions conducted by the wife as the agent of her husband, of which he has no personal knowledge.

So far as the Act of 1886 relates to the right of the wife to testify as to transactions conducted by her as the agent of her husband, it is substantially like No. 13 of the Acts of 1858. In *Eastabrooks* v. *Prentiss*, 34 Vt. 457, it was held that the plaintiff's wife was not a competent witness under the act of 1858 to show the state of the plaintiff's accounts, kept by her from original memoranda made by the plaintiff. Bennett, J., in delivering the opinion of the court, says: " It is well understood, as the entire scope and language of the statute indicates, that the purpose of that provision was to enable proof to be made of transactions of which the husband had no personal knowledge, and the wife had, for the reason that she personally negotiated, as a substitute for, and in the place of, her husband in such transactions."

This case is distinguishable from that of *Pierce* v. *Bradford*, decided at the last General Term of this conrt and reported *ante*. In that case the defendant offered to show by his wife an act done by her as his agent, in his absence, and of which he had no personal knowledge.

4. Item 26 of the plaintiff's specification is for service performed on Sunday, and items 27 and 28 are for expenses attending this service. The defendant claims these items should have been disallowed by the auditor. R. L. s. 4315, provides that a person, who, between twelve o'clock Saturday night and sunset on the following Sunday, exercises any business or employment except such only as works of necessity and charity, shall be fined not more than two dollars. If it was unlawful for the plaintiffs to perform the service charged for, at the time he performed it, these items should have been disallowed. Whether the service was a work of necessity or charity was a question of fact to be determined by the auditor. *Commonwealth* v. *Gillespie*, 146 Pa. 546, ( 23 Atl. Rep. 393.)

The finding of the auditor that the work was performed on Sunday is not equivalent to a finding that the service was performed between twelve o'clock Saturday night and sunset on the following Sunday, or that the service was not work of necessity or charity; and, he having allowed these items, it will not be presumed that the service was illegal. The presumption is that it was lawful for the plaintiff to perform the service. We cannot presume that the service was not one of necessity or charity, nor that it was not performed after sunset on Sunday. All reasonable intendments are to be made in support of the conclusions and judgment of an auditor and the County Court. *Bradstreet* v. *Bank of Royalton*, 42 Vt. 128. It not appearing that the service was not work of necessity or charity, nor that the service was performed between twelve o'clock Saturday night and sunset on the following Sunday, there is no legal objection to a recovery for these items. *Nason* v. *Dinsmore*, 34 Me. 391.

5. Item 39 was not within the statute of frauds and was properly allowed. The auditor, in effect, finds, that the defendant was owing one A. J. Crosby; that Crosby was owing the plaintiff; that the defendant told Crosby to settle with the plaintiff who was doing business for him, whereupon Crosby and the plaintiff settled the account Crosby had against the defendant by offsetting the same against the plaintiff's account against Crosby; and that the defendant agreed that he would pay the plaintiff the amount thus paid to Crosby for him. This was not an agreement to pay Crosby's debt. The plaintiff, by direction of the defendant, extinguished a debt owing from the defendant to Crosby; and, in effect, the plaintiff has paid out the sum charged for the benefit of the defendant, and at his request.

6. The defendant claims that item 139 of the plaintiff's specification should have been disallowed by the County Court. The auditor finds that the plaintiff was administrator of the estate of Taylor Alexander, and kept some cattle for the defendant on hay, straw and corn-fodder belonging to said estate, and that he has not accounted to said estate for the same. The defendant's contract for the keeping of his cattle was made with the plaintiff, his promise was to pay the plaintiff, and the defendant's liability is in no way dependent upon the plaintiff's accounting to the estate he represents for this item. The defendant is accountable to the plaintiff only, and it is immaterial to him whether the plaintiff has accounted to the estate as it was his duty to do. The defendant is not excused from performing his undertaking to pay the plaintiff, because the plaintiff has been remiss in the performance of his duty in matters in which the defendant is in no way concerned, and by which he can in no way be affected. *Haskell* v. *Bowen,* 44 Vt. 579.

The plaintiff can recover this item in this action, notwithstanding he has declared in his individual capacity. The privity of contract is not between the defendant and the estate; there was no contract with, or promise to, the plaintiff's intestate. The

contract is between the parties as individuals, and as between them is personal, and there was no occasion for the plaintiff to declare in his representative capacity. He had a right, as between himself and the defendant, to treat himself as a debtor of the estate to the amount of this item, and the defendant his own debtor, and sue thereon in his individual capacity. *Aiken* v. *Bridgman*, 37 Vt. 249.

The contract having been made with the plaintiff personally there is no legal objection to including this cause of action in an action to recover for causes of action accruing to him in his own right. They are all causes of action for which he may recover without declaring in a representative capacity. They all accrued to him and are properly joined in the same action. *Haskell* v. *Bowen, supra; Rix* v. *Nevins*, 26 Vt. 384; *Pope* v. *Stacy*, 28 Vt. 96; *Hutchinson* v. *Ford*, 62 Vt. 97.

7. The defendant insists that judgment should be reversed because the auditor has not stated in his report the method adopted by him in computing interest, and because it is impossible to determine from the report how he found as he did upon the item of interest. There is nothing in the report that would justify this court in so holding. It does not appear that the auditor was requested to report his method of computing interest. He was under no obligation to do so unless requested. It not appearing that he adopted a wrong method, the court will not presume error for the purpose of reversing the judgment. If the defendant does not know what rule was adopted by the auditor, it is his own fault. He might have known by requesting him to report his method of computation.

8. There was no error in the ruling of the auditor in admitting the plaintiff's memorandum books. We understand from the report that they were not admitted as independent evidence, or considered by the auditor as such, but were received and considered in connection with the plaintiff's evidence; in

James G. Bates *v.* William H. Sabin.

this connection they were admissible. *Soules & Sherman* v. *Burton*, 36 Vt. 652; *Lapham* v. *Kelly*, 35 Vt. 195.

9. The testimony of the plaintiff relating to services performed for the defendant by serving writs in which the defendant was plaintiff, was properly received. The writs were returnable process, and, presumably, had been returned to the court from which they issued. There was no question before the auditor which required their production. The plaintiff sought to recover for services performed under an agreement by which he was to have two dollars a day and his expenses, and he was under no obligation to produce the instruments in respect to which he performed the service. *Houghton* v. *Est. of Paine*, 29 Vt. 58; *Hayden* v. *Rice*, 18 Vt., 353; *Goodrich* v. *Mott*, 9 Vt. 395.

10. The finding of the auditor that the plaintiff performed services in and about getting money at the Woodstock bank, at the request of the defendant and for his benefit, is conclusive upon the question of the defendant's liability therefor.

The defendant claims that these causes of action are merged in a note given by the defendant to the plaintiff, but the auditor has not so found, and no facts are reported from which the court can hold, as a matter of law, that they are so merged.

*Judgment affirmed as of the date it was rendered by the County Court.*