## PERRY HASKELL *v.* HENRY BOWEN.

*Executors and Administrators. Declaration. Amendment. Joinder of Counts. Book Account. Arrest of Judgment. Writ of Error.*

As to causes of action which accrued to the testator or intestate in his lifetime, the plaintiff must declare as executor or administrator; but executors and administrators, who contract for the sale of their testator's or intestate's effects, or make other agreements in their representative character, are not obliged to sue in that capacity, but may so sue, or sue in their individual right without naming their representative character.

Generally where the money, when collected, will be assets to be administered, an executor or administrator *may* sue as such, but it is not true that in all cases he *must* sue in that character.

Where there is a misjoinder of counts embracing incompatible causes of action apparent upon the declaration, the declaration will be bad on demurrer; but the court will generally give the plaintiff leave to amend by striking out some of the counts, and allow the action to proceed upon such counts as may legally be joined. ·

In a book action where the declaration does not disclose the particular character of the claim, the defendant may avail himself of the objection at the hearing before the auditor, and the plaintiff would have the same right to obviate the objection by withdrawing a portion of his claim that he would have where the objection is made by demurrer.

Misjoinder of counts and causes of action, apparent upon the declaration, with damages assessed *entire*, is good cause for arresting the judgment on motion after verdict, or for reversing the judgment by writ of error. But if the damages are assessed severally on the separate counts and causes of action, the judgment will not be arrested or reversed *in toto*, but the misjoinder may be cured by remitting the damages upon some of the counts and entering judgment upon others that can legally stand together.

If there is a misjoinder of counts by there being two sets, incompatible with each other, and verdict for the plaintiff on the counts that are well joined with each other, and verdict for the defendant on the other counts, the misjoinder is cured by the verdict, and the plaintiff is entitled to judgment on the counts on which he obtained a verdict.

The plaintiff in this action of book account sought to recover for items originating between him and the defendant, and also for items for chattels which plaintiff sold to defendant, as an executor. *Held* that under the circumstances of the case the plaintiff was entitled to recover for both classes of items.

BOOK ACCOUNT. The auditor to whom the case was referred reported that the first item, use of oxen, $2.50, and third item, some wood, $1.67, of plaintiff's account, amounting, with interest, to $5.40, were matters of deal between the parties, on the part of the plaintiff in his own right; that the second item, for a pair of shears, 40 cents, and the fourth item, a quantity of hay, $88.00, were matters of deal on the part of the plaintiff as executor of the last will and testament of Nathaniel Pierce, deceased, and that said shears and hay were a part of the personal estate of said deceased, and that the plaintiff sold the same to defendant as such executor. All of said items were allowed by the auditor, subject to the opinion of the court as to the plaintiff's right to recover for the same in this action of book account.

In relation to items two and four, the auditor finds that the plaintiff was the executor of the last will and testament of Nathaniel Pierce, late of Weathersfield, deceased, who died in the spring of 1866, leaving an estate, a part of which consisted of a farm in Weathersfield; that the plaintiff, acting in the capacity of executor of said Pierce's will, &c., carried on said farm the season of 1866, and the hay and corn-fodder charged to the defendant were a part of the produce of said farm for that year.

In August, 1867, at about the time of the settlement of plaintiff's account as executor, he called upon the defendant for the payment for the hay and corn-fodder. They then agreed upon the amount due, and the defendant gave the executor a statement of the amount due from him to the said estate, which was the sum of $88.00, less $7.00, which he had paid towards the same.

The plaintiff then settled his executor's account and charged himself in the settlement with the sum of $88.00 as received for the hay and corn-fodder, and 40 cents for shears, and closed the settlement of said estate, with the exception of a pew in the meeting-house, which has not been disposed of by the executor.

These two items, including interest, amounted to $114.44. The defendant presented an item of $7.00, which he had paid towards

the account for hay and corn-fodder, which is allowed, including interest thereon, at $9.07.

The defendant presented his account against plaintiff pertaining to their deal in their private capacity, all the items of which were allowed except one.

The whole amount of defendant's account against the plaintiff as allowed, is $49.11.

The auditor found, including interest on the several items, that there is justly due from the plaintiff to the defendant, to balance their accounts on their matters of deal outside of and separate from those articles which the defendant purchased of the estate of said Nathaniel Pierce, through the plaintiff as executor of said Pierce's last will, &c., the sum of $18.76. But if the plaintiff in this action of book account can recover for the balance due from the defendant for the shears, hay and corn-fodder sold by the plaintiff as executor as aforesaid, then there is due from the defendant to the plaintiff to balance accounts between them, the sum of $86.61.

The auditor further found that the plaintiff kept his own account with the defendant separate and distinct from the other items, viz: shears, hay and corn-fodder, until after the settlement of his final account as executor, and that there was no understanding between the parties that the account of the plaintiff and Pierce's estate should or should not be mingled.

The case was heard on the auditor's report, at the December term, 1871, BARRETT, J., presiding. Judgment, *pro forma*, on the report, for the plaintiff, for the largest sum, to which the defendant excepted.

*J. F. Deane*, for the defendant.

The defendant claims that the evidence in this case will not warrant the maintaining of this suit in the form in which this action was brought; the chattels for which this suit was commenced were in part the chattels of the plaintiff in his *private capacity*, and partly for the goods of the testator.

The statute in this State gives the administrator the right to recover the debts of the testator, due, after the date of the de-

cease of the testator, and the statute confers upon him no other
power.   The executor by virtue of the statute cannot sue for and
recover any other debts than those due the estate of the intestate,
or the debts  due  the  estate  of  the  testator.    Gen.  Stats.,
390, § 9.

In this action the plaintiff seeks to recover for two incompatible
demands, which at  law  cannot  be  united  in  the  same  suit, and
which when united in  the same  action controvert an  unchange-
able maxim  of  the  common  law,  viz :  *jure  alterius  inproprio
jure*.    Administrators cannot join, in the same declaration, claims
which they  hold  as  administrators  or  executors  with  other de-
mands in their individual  capacity, and  when, in  the  same decla-
ration, executors  and  administrators have  joined  counts, in  which
were promises made to the testator or intestate and promises which
were made to the *executor*, as such, the courts have held that such
counts can only be  joined  when  the  damages and costs recovered
would be *assets* in  the  hands  of  the executor.  It is an  indivisible
matter, entire in itself, and there can be no severance of *interests*.
There is no rule of law  by  which damages and  costs in the same
suit can be separated.

The executor cannot upon  any  rule  of  law   recover  in this ac-
tion, because the judgment  to be  recovered in  this  action  would
neither be assets in the hands of the executor, nor would it be the
individual property of the plaintiff.   What is sought to be recov-
ered in this action  can  only be  recovered by  separate suits, and
those suits must be brought in such  form  that these separate inte-
rests will not meet in  the  same  judgment, and  in  such form that
the judgment for the value of the chattels of the testator will not
be merged with other interests, but  will  be assets in the hands of
the executor, which cannot be in the  principal case.

Therefore we say, that the  cause  of  action, if  there  ever was
one accruing  to  the  estate  of  the  testator, as shown  by the facts
in the auditor's report, cannot be supported in this action.    *Hol-
lister, adm'r*. v.  *Young*, 41  Vt., 170 ;  *Hooker*  v.  *Quilter*, 1
Wilson, 172 ;  *Cowell  & wife, Adm'r*., v.  *Watts*, 6  East, 405 ;
*Ord* v.  *Fenwick*, 3  East, 104 ;  *Henshall* v.  *Roberts  et  al*., 5
East, 149.

*Wm. M. Pingry*, for the plaintiff.

This action was well brought by the plaintiff without naming himself as executor. *Trask* v. *Donoghue*, 1 Aik., 370 ; *Adams* v. *Campbell*, 4 Vt., 447 ; *Maxwell, Adm'r*, v. *Briggs*, 17 Vt., 176 ; *Aiken* v. *Bridgman*, 37 Vt., 249.

The opinion of the court was delivered by

PECK, J. The fact that the plaintiff, just before he settled his final account as executor of Pierce in the probate court, obtained from the defendant a statement of the balance due the plaintiff on account of the estate of which he was executor, and had the same allowed against himself in his accounting as such executor, would seem to remove all practical difficulty of recovering that balance in-this action. The action being an action of book account, and a special report of the auditor, the record would, always show what was allowed on the account which accrued to the plaintiff as executor, and what upon his account in his own right, if it should ever become material to be known. But if there is a fixed rule of law, *applicable to a case like the present*, that forbids joining in one action demands due a plaintiff in his own right, with such as have accrued to him by contracts made by him in his capacity as executor or administrator, it must be observed. The action is brought in the name of the plaintiff in his own right, not naming his official character as executor. The proposition of the defendant's counsel is, that the action in this form cannot be maintained, for the reason that a part of the chattels sold by the plaintiff to the defendant, for the price of which the action is brought, was the property of the plaintiff in his own right, and the residue such as he held as executor. To sustain this proposition we are referred to *Hooker, Executrix*, v. *Quilter*, 1 Wils., 171 ; *Ord* v. *Fenwick*, 3 East, 104 ; *Henshall* v. *Roberts et als.*, 5 East, 150 ; *Cowell & wife, Adm'x.*, v. *Watts*, 6 East, 405. None of these cases involves the question presented 'in the case at law. In *Ord* v. *Fenwick*, and in *Cowell & wife* v. *Watts*, it was decided there was no misjoinder. In *Hooker, Ex'r*, v. *Quilter*, and in *Henshall* v. *Roberts et als.*, the plaintiffs sued as executors, and the declaration contained counts upon causes of action accrued to

the testator *in his life-time*, and also a count or counts accrued to the plaintiff in his own right, and it was held that the plaintiff could not thus declare and recover in both rights.    As to causes of action accrued to the testator or intestate in his life-time, the plaintiff must declare as executor or administrator ; but executors and administrators who contract for the sale of their testator's or intestate's effects, or make other agreements in their representative character, are not obliged to sue in that capacity, but may so sue, or may sue in their individual right without naming their representative character.    Generally, where the money when collected will be assets to be administered, an executor or administrator may sue as such ; but it is not true that in all such cases he must sue in that character.    Hence the two cases last referred to, in which it is held that a count upon a cause of action on which the plaintiff must and does declare in his representative character, cannot properly be joined with a count upon a cause of action on which the plaintiff is obliged to and does declare in his own right, have but little bearing to defeat the action in the case at bar, which the plaintiff prosecutes solely in his own right, and which embraces no cause of action except such as he has a right to sue in his private character and individual right.    In the class of cases mentioned, like the two last referred to, that is, *Hooker*, *Ex'r.*, v. *Quilter*, and *Henshall* v. *Roberts et als.*, to permit the joinder of the different causes of action they embraced would require different judgments in the same action, one in favor of the plaintiff as executor, and one in his favor in his own right.    But in the case at bar no such necessity exists, as the plaintiff is entitled to the same judgment, that is, a judgment in the same right, upon every part of his demands without reference to the question whether he will or will not be bound to account to the estate for any portion of the sum recovered.    But assuming that in such case a judgment for an entire sum, partly for chattels or effects of the testator sold by the plaintiff, and partly for a demand due the plaintiff in his own right, would be erroneous, still the misjoinder relied on in defence in this case does not necessarily defeat the action.    Where there is a misjoinder of counts embracing incompatible causes of action apparent upon the declaration, the

declaration will be bad on demurrer; but the court will generally give the plaintiff leave to amend by striking out some of the counts and allow the action to proceed upon such counts as may legally be joined. And in an action like the present, where the declaration does not disclose the particular character of the claim, the defendant may avail himself of the objection at the hearing before the auditor, and the plaintiff would have the same right to obviate the objection by withdrawing a portion of his claims that he would have where the objection is made by demurrer. The principal reasons why an executor or administrator cannot join a promise made to his testator or intestate with one made to himself in his own individual right, are, that in recovering according to his allegations, he must recover in two distinct capacities and rights; and that on finding entire damages the record would not show how much was assessed in right of the testator, and how much in the plaintiff's individual right. That the first of these reasons does not apply to this case we have already seen;* and the other reason cannot apply, as the damages in this case are not assessed entire, but separate upon each class of items. A misjoinder of counts and causes of action, apparent upon the declaration, with damages assessed *entire*, is good cause for arresting the judgment on motion after verdict, or for reversing the judgment by writ of error, as was done in *Hooker* v. *Quilter*, and in *Henshall* v. *Roberts et als.*

But if in such case the damages are assessed severally on the separate counts and causes of action, the judgment will not be arrested or reversed *in toto*, but the misjoinder may be cured by remitting or rejecting the damages upon some of the counts, and entering judgment upon others that can legally stand together. In *Hancock et als.*, assignees of *Lomas*, a bankrupt, and also assignees of *Edenson, a bankrupt*, v. *Haywood*, 3 T. R., there being no joint commission against the two, the plaintiffs declared for goods sold and delivered by both the bankrupts; and for goods sold and delivered by each of the bankrupts, and for money paid, and money had and received by the defendant to the use of each of the bankrupts; and also for money had and received to the use of the assignees, in separate counts. Verdict for the plain-

74

tiffs, with damage sassessed according to the demands proved upon
the several counts respectively.    On motion in arrest for misjoin-
der, the court held that the different rights could not be joined in
the same action, but allowed judgment to be entered for the plain-
tiffs upon the counts for the joint debts due to both the bankrupts.
Upon the same principle, assuming that the two classes of items
cannot both be recovered in this action, there would be no legal
objection to a recovery at least for the items that grew out of the
testator's estate, even if the auditor had found a balance also due
to the plaintiff on the other class of items ; and beyond this, by
the report of the auditor and the judgment of the county court,
the plaintiff has not recovered.    If there is a misjoinder, another
principle of pleading applicable to this case is, that where a dec-
laration contains two sets of counts, the one set incompatible with
the other, and verdict for plaintiff on the counts that are well
joined with each other, and verdict for defendant on the other
counts, the misjoinder is cured by the verdict, and the plaintiff is
entitled to judgment on the counts on which he obtained a ver-
dict.    In *Knightly* v. *Birch*, 2 M. & S., 533, in which counts in
tort were joined with counts in assumpsit, there was a verdict for
the plaintiff on the counts in tort, and for the defendant on the
counts in assumpsit.    On motion in arrest for misjoinder, the
court rendered judgment for the plaintiff on the counts on which
he prevailed before the jury, overruling *Bage* v. *Bromwell*, 3
Lev., 99, to the contrary ; Lord ELLENBOROUGH, Ch. J., saying in
relation to that case that it " *had had its day and that it was time
it should cease.*"    So in this case, the auditor having found noth-
ing due except upon that portion of the claim growing out of the
testator's estate, the misjoinder, if any, is cured, and the plaintiff
is entitled to judgment according to the finding of the auditor for
the other portion of the claim.    Again, upon the facts reported,
the plaintiff, three years before the commencement of this suit,
having closed the settlement of the estate except a pew in a meet-
ing-house not yet sold, and having at the same time, in settling
his account as executor, accounted for the whole of this claim,
which grew out of the testator's estate, by charging himself with
it, it does not appear that it will be assets to be administered

when collected, but on the contrary, it not appearing that the plaintiff is indebted to the estate, the presumption would rather be that the plaintiff has fully accounted to the estate for this claim, and that he is entitled to the proceeds of the judgment in his own right. In this respect the facts in this case are stronger in favor of the right of the plaintiff to recover than in *Aiken* v. *Bridgman*, 37 Vt., 249, very similar to this in other respects, in which the plaintiff was allowed to recover.

Judgment affirmed.