## JOHN BULL vs. CHARLES H. MATHEWS.

PROVIDENCE — MAY 15, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

Counts sounding in tort cannot properly be joined with counts sounding in contract; such misjoinder is fatal, not only on demurrer, but also on motion in arrest of judgment.

The test for determining what causes of action may be joined is whether the same plea may be pleaded to, and the same judgment given on, all the counts;

If this cannot be done the counts cannot be joined.

A motion in arrest of judgment raises only those objections which are apparent upon the record.

TRESPASS ON THE CASE for trover and conversion, joining counts in assumpsit.    Heard on defendant's motion in arrest of judgment

TILLINGHAST, J.    This is a motion in arrest of judgment on the ground of a misjoinder of causes of action.    The action is trespass on the case for trover and conversion, and the declaration contains a count in trover and conversion, and also the ordinary counts in assumpsit.    At the trial of the case in the District Court a decision was rendered in favor of the plaintiff for $19.10 and costs ; but there is nothing in the record to show whether the judgment was based on the count in trover and conversion, or on those in assumpsit. No plea was filed in the case, but as the defendant entered an appearance the general issue is deemed to be filed.    Gen. Laws R. I., cap. 237, § 3.    But whether, in this case, the general issue as to the count in trover, which would be not guilty, or as to the counts in assumpsit, which would be non assumpsit, is in, we have no means of determining.    Within five days after the rendition of said decision the defendant filed his motion in arrest of judgment in the District Court, whereupon the case was certified to this court.

It is a familiar rule of common-law pleading that counts sounding in tort cannot properly be joined with counts sounding in contract, and also that such misjoinder is fatal,

not only on demurrer, but also on motion in arrest of judgment. Ency. Pl. & Pr. vol. 2, p. 803, and cases cited; *Haskell* v. *Bowen*, 44 Vt. 579. The effect of such misjoinder is clearly expressed in Chit. Pl. 9 Am. ed. 206, as follows: "The consequences of a misjoinder are more important than the circumstances of a particular count being defective; for in case of a misjoinder, however perfect the counts may respectively be in themselves, the declaration will be bad on demurrer or in arrest of judgment, or upon error. See also Gould's Pl. cap. 4, § 87, and cases cited.

The ordinary test for determining whether different causes of action may be joined is to inquire whether the same plea may be pleaded and the same judgment given on all the counts of the declaration; and unless this question can be answered in the affirmative the counts cannot be joined. See *Drury* v. *Merrill, ante,* 2. See also *Court of Probate* v. *Sprague,* 3 R. I. 205.

Applying this test to the case at bar, it will at once be seen that there is a fatal misjoinder. If the pleader in this case had simply omitted to strike out the money counts which are printed in the writ, perhaps we might disregard them; but as he has filled them out in the ordinary way where the case is assumpsit, we feel bound to presume that he intended to rely thereon, as well as on the count in trover.

It is true that, since the case was certified to this court, the plaintiff's counsel has filed an affidavit setting forth that by reason of mistake and oversight he neglected to strike out the money counts, and also that at the trial in the District Court the evidence introduced was confined to the count in trover, which was the only count relied on. But as a motion in arrest of judgment raises only those objections which are apparent upon the record; *State* v. *Paul,* 5 R. I. 189; Black on Judgments, vol. 1, §§ 96–8; and as the affidavit forms no part of the record, we are not at liberty to consider it.

Judgment arrested.

*John F. Byrne,* for plaintiff.

*George T. Brown,* for defendant.