HALE v. CONANT.

(Circuit Court, D. Rhode Island. November 14, 1901.)

No. 2,607.

PLEADING — MOTION TO STRIKE OUT PLEAS — INSUFFICIENCY OF DECLARATION.
	A writ which states merely that the action is "an action of the case to recover and collect the liability of the defendant as a stockholder" of a corporation is defective in form, in leaving it uncertain whether plaintiff sues in assumpsit on an implied promise, or ex delicto for damages for breach of a legal obligation; and where the declaration is no more specific, and alleges no promise, pleas, the propriety of which depends upon which form of action is intended, will not be stricken out on motion,

but the proper method of raising the question is by demurrer to such pleas, upon which the form of the declaration, as well as the sufficiency of the plea, can be considered.

On Plaintiff's Motion to Strike Out Defendant's Pleas.

M. H. Boutelle, Robert W. Burbank, and Eben Winthrop Freeman, for plaintiff.

Van Slyck & Mumford, for defendant.

BROWN, District Judge. The plaintiff moves that the second, third, fifth, sixth, and seventh pleas be stricken out. The first plea is non assumpsit; the second plea is not guilty. The declaration must be regarded either as in contract or in tort, and cannot be both. It is obvious that one of these pleas is improper. Bull v. Mathews, 20 R. I. 100, 37 Atl. 536. The difficulty that arises, however, is in determining whether it is the second plea (which the plaintiff moves to strike out), or the first plea, which is improper. The writ states that the action is "an action of the case to recover and collect the liability of the defendant as a stockholder of said Northwestern Guaranty Loan Company, as will more particularly appear by declaration to be filed in court." This writ does not state in due form the nature of the action. In Slocomb v. Powers, 10 R. I. 255, 257, it was said of the description in a writ:

"Merely describing it as an action of the case might, perhaps, not be considered as giving notice enough, as there are several subdivisions of actions of the case."

The proper form of description in the writ, where the plaintiff sues ex contractu, is "an action of the case 'upon promises,'" or "'in assumpsit.'" If an action is described merely as an action of the case, it would ordinarily be understood to be an action ex delicto. 2 Chit. Pl. (11th Am. Ed.) *12, *17; 1 Chit. Pl. (11th Am. Ed.) *96, *132.

The declaration describes the action as an action of the case, which would ordinarily be understood to be an action ex delicto. It sets forth that certain sums became due and owing from and by the defendant unto the plaintiff; but it does not allege a promise by the defendant to pay to the receiver, according to the mode which would be proper in case the plaintiff relies upon an implied promise. Whether the promise is express or implied, it must be alleged formally, if the action be in assumpsit. From these formal defects in the declaration, it seems uncertain whether the plaintiff is suing in assumpsit, relying upon an implied promise to the receiver as the gist of the action, or whether he is suing ex delicto for damages for breach of a legal obligation imposed upon the defendant by statute or otherwise. See 1 Chit. Pl. *135, *143.

The defendant states that he was left in doubt as to the proper form of general issue, and, to guard against the ambiguity of the declaration, has pleaded in the alternative. This confuses the record. Were the matter now before the court upon a demurrer to the defendant's pleas, we should go back to the first fault in the pleading (Railton v. Taylor, 20 R. I. 279, 284, 38 Atl. 980, 39 L. R. A. 246);

and this might require us to consider matters of form which were not called to our attention upon the original demurrer. The defendant's demurrer to the declaration raised simply the point that the declaration should have been in debt, and not in case. The question as to whether the declaration is in form ex delicto or ex contractu is not properly before us on the motion to strike out, and has not been argued. The proper method, therefore, of determining the propriety of the second plea, is by demurrer to the plea, upon which will be considered the form of the declaration, as well as the sufficiency of the plea.

The third plea is that the defendant did not, at any time within six years, undertake or promise in manner and form, etc. If the plaintiff's declaration is to be regarded as a declaration in indebitatus assumpsit, upon an implied promise to the receiver resulting from a legal obligation, the plea is probably good. Story, Pl. p. 76. But the motion to strike out this plea also involves a consideration of the form of the declaration, and the matter would be more properly raised by demurrer to the plea than by a motion to strike out.

The fifth, sixth, and seventh pleas involve questions of set-off, are evidently not frivolous, and involve matters of law which should be argued upon demurrer to the pleas. Moreover, the question whether the plaintiff's declaration is in assumpsit or sounds in tort has a material bearing upon the right of the defendant to plead a set-off.

The motion to dismiss is denied.