FOR THE

## COUNTY OF CALEDONIA,

AT THE

### AUGUST TERM, 1861.

PRESENT:

Hon. ASA O. ALDIS,
Hon. JOHN PIERPOINT,
Hon. JAMES BARRETT,
Hon. LOYAL C. KELLOGG,
} ASSISTANT JUDGES.

JOHN EASTABROOKS *v.* CHARLES B. PRENTISS.

*Witness.   Evidence.   Husband and Wife.*

In order for the wife to be a competent witness for the husband under the act
of 1858, (see Session Laws of 1858, p. 23,) it seems her evidence must be of
matters conducted by her as agent of the husband, and of which he has no
personal knowledge.

Estabrooks *v.* Prentiss.

When it became material to show the state of the plaintiff's accounts at a given time, and it was shown the books were kept by the wife, but from original memoranda kept by the husband from day to day, *held*, she was not a competent witness for the plaintiff, under the act of 1858, to show the state of the accounts at that time.

This was an action on note, tried at the June term, 1860, POLAND, J., presiding. The defendant pleaded the general issue, and two pleas in bar. The case was tried by jury.

It appeared on the trial that the plaintiff the year previous to the date of said note, carried on the business of butchering, and the defendant was employed by him to peddle meat, and in the course of said business received considerable sums of money belonging to the plaintiff. The plaintiff claimed and testified that on settlement between him and the defendant a balance was found due to the plaintiff, for which the defendant gave this note.

The defendant claimed and testified that on said settlement, the accounts between the plaintiff and the defendant were even, but that the plaintiff had before that assisted him in covering up and concealing certain of his property to keep it out of the reach of the defendant's creditors, and that when said settlement was made, the plaintiff wanted this note executed, so that in case he should be called on by the defendant's creditors, he could show that the defendant was indebted to him, and that the note was given for that purpose, but for no real consideration. All this was denied by the plaintiff.

The defendant introduced his book, showing the account between him and the plaintiff, but testified that he had another book on which a portion of the account was kept, which was lost. He also testified that the books were kept by his wife, and the charges thereon made by her from memoranda kept by him from day to day.

The defendant then offered the deposition of his wife to show the state of the accounts and loss of the book. The plaintiff objected to the deposition on the ground that the defendant's wife was not a competent witness to testify to such facts. The court excluded the deposition upon that ground. The defendant excepted to the rejection of said deposition.

*Theron Howard* and *Stoddard & Clark*, for the defendant.

*Bliss N. Davis*, for the plaintiff.

BARRETT, J. It stands confessed that, as the law was prior to the act of 1858, the wife would not be a competent witness in chief upon the main issue in this case. But it is claimed that under the third category of that act, in which her disqualification as a witness is removed, she was competent, and her deposition should have been received. The language is : " In all matters of business transactions, where the transaction was had and conducted by such married woman as the agent of her husband."

If, by force of this provision, the wife was competent to testify, it was because what she did in the keeping of the books falls within the meaning of a " business transaction had and conducted by her as the agent of her husband." We understand from the exceptions that her keeping of the books consisted in her making the charges from memoranda kept by the husband from day to day. This certainly would constitute a novel kind of agency, within any meaning which that term bears, either in law or literature. She seems to have been a mere copyist, or amanuensis for her husband, in making the formal entry of charges, in business transactions had and conducted *by the husband*, without any participation of the wife therein. This is as far as possible from the agency contemplated by this provision of the statute. It is well understood, as the entire scope and language of the statute indicates, that the purpose of that provision was to enable proof to be made of transactions of which the husband had not personal knowledge, and the wife had, for the reason that she personally negotiated, as a substitute for, and in the place of, her husband, in such transactions. This is illustrated by the common case of purchases made by the wife at the stores, without the presence of the husband, in the usual course of shopping, as it is called, by the purchase of meats and other provisions from the butcher's cart and grocery as current need requires, without the husband knowing either quantity, kind or price ; as well as by the various matters of business

which may be done by the wife, either upon special or implied authority from the husband, in his absence.

As the point for decision stands upon the provision of the statute above named, the cases cited in argument do not apply as authority or illustration. The only question is, does that provision cover this case. We think it does not; and thinking so, it would be quite as improper for us to suffer our decision to be influenced by the appeal to our gallantry, which has been most eloquently made, as to considerations of policy or expediency.

Judgment affirmed.