# GRAND ISLE COUNTY,

[Continued from page 162.]

---

## AURILLA LUNAY *v.* PETER VANTYNE.

*Husband and Wife. Agency. Evidence. Parent and Child. Contract. Implied Promise.*

Under the statute of Vermont, a wife is competent to testify as to transactions left by her husband solely to her charge, though they occurred at the husband's house, and while he was at home, and might have known in relation to them.

An implied promise cannot be raised contrary to an express understanding.

The rule, that where a child, after becoming of age, remains in the parent's service, the law will imply no promise, on the part of the parent, to pay for the labor, but an express promise must be proved, applies also to adopted children.

The plaintiff was an adopted daughter of the defendant. After it was understood she was of age, the defendant agreed to pay her for her labor. Subsequent to this agreement she and her foster parents, learned that they had been mistaken one year in her age, that she, in fact, arrived at her majority one year earlier than she had supposed, and, consequently, had been in the defendant's service for one year after she became of age without pay, and without any agreement or expectation of pay. *Held,* that the law would imply no promise or contract to pay her for that year.

BOOK ACCOUNT. ·Judgment was rendered, *pro forma,* at the August Term, 1867, STEELE, J., presiding, by request of the parties, for the plaintiff, for the larger sum reported by the auditor. Exceptions by the defendant.

The auditor reported the facts material to be stated, as follows :

"The plaintiff presented but one item of account, which was a charge of one hundred and ninety-eight dollars and ninety-five cents, for one hundred and seventy-three weeks work by the plaintiff, from the 2d day of May, A. D. 1862, to the 15th day of September, A.D.

1865, at one dollar and fifteen cents per week. In reference to which account of the plaintiff, your auditor finds and reports the following facts: In the fall of A. D. 1858, the plaintiff, being then thirteen years old, went to live with the defendant in his family as au adopted daughter, by virtue of an agreement made between the defendant and the plaintiff's father, by the terms of which agreement, the plaintiff was to live with the defendant, as an adopted daughter, until she became eighteen years of age, which the plaintiff and the defendant both believed would occur in the fore part of the month of May, A. D. 1864, but the plaintiff really became of age on the 2d day of May, A. D. 1863, the plaintiff and the defendant both being mistaken one year in the plaintiff's age, she being one year older than was believed to be the case. The parties continued to labor under the mistake, as to the plaintiff's age, until some time in the spring of A. D. 1866, when the plaintiff learned from the physician, who was present at her birth, that she was one year older than either herself or the defendant supposed her to be. On or about the 4th day of May, A. D. 1864, which was about the time the plaintiff and the defendant both supposed that she, (the plaintiff,) became of age, the plaintiff and the defendant, by the defendant's wife, who acted as the defendant's agent, and who was, by the defendant, authorized so to act, agreed that the plaintiff should thereafter work for the defendant for wages, and by the terms of said agreement, the defendant was to pay the plaintiff at the rate of fifty cents per week for her labor as a hired girl in the defendant's family. The defendant was present, and understood the terms of the contract made by the plaintiff with the defendant's wife, as his agent, The whole dealings between the plaintiff and the defendant, were by the defendant's wife, as the defendant's agent, she being authorized so to act by the defendant. * * *

" In reference to the services of the plaintiff from the time she in fact became of full age, on the 2d day of May, A. D. 1863, to the 4th day of May, A. D. 1864, it was claimed by the defendant, that inasmuch as the plaintiff, during her minority, resided with the defendant as an adopted daughter, and was not, during that time, entitled to collect wages from the defendant, and as both the plaintiff and the defendant believed that the plaintiff, from May 2d, A. D. 1863, till May 4th, 1864, was so living with the defendant as an adopted daughter, and there being no express promise by the defendant to pay the plaintiff for her services during that period of time, as your auditor finds, that therefore the law would not imply a promise on the part of the defendant to pay the plaintiff for her services during the period of time last above stated. But your auditor, from the fact alone, that the defendant, at the time he supposed the plaintiff became eighteen years of age, agreed to pay her wages as a hired girl, finds that it was the expectation and intention of the defendant to pay the plaintiff for whatever services she might render the defend-

Lunay *v.* Vantyne.

ant after she became eighteen years of age, and that it was the expectation of the plaintiff to receive pay for any such services, and as there was no agreement between the parties as to the price of the plaintiff's labor between the 2d day of May, A. D. 1863, and the 4th day of May, A. D. 1864, your auditor allows the plaintiff for her work, during that time, at the rate of one dollar and fifteen cents per week, finding it to be worth that sum.  *  *  *

" The plaintiff, on the trial of the case, waived all claim to recover for that portion of the services charged for in her account, which were performed previously to the 2d day of May, A. D. 1863.

" 'The defendant, on the hearing of the case, presented an account against the plaintiff, consisting of sixty-two items,  *  *  *  for articles of merchandize mostly, which the defendant claimed were furnished by his wife, as his agent, to the plaintiff, while she was at work for the defendant, and subsequently to the 2d day of May, A. D. 1862.  *  *  *

" The defendant, upon the trial of the case, offered his wife as a witness, to prove the delivery and price of the articles charged in his account.  The defendant claimed and testified, that his wife was his agent in the delivery, to the plaintiff, of the articles charged in his account ; that he knew nothing in reference to the delivery and price of the articles charged in his account ; that he entrusted that business solely to his wife ; and your auditor finding, from the defendant's testimony, that the facts in relation to the agency of the defendant's wife were according to defendant's testimony, permitted her to testify in relation to the defendant's account, and weighed her testimony in making his decision of the case.  Your auditor, in admitting the defendant's wife to testify, overruled the objections thereto made by the plaintiff.

" It appeared that while the defendant's account was accruing, the defendant was generally at home, and might have known in relation to said account."  *  *  *

*Edson & Rand*, for the defendant.

*G. Harrington*, for the plaintiff.

The opinion of the court was delivered by

STEELE, J.  1. The defendant's wife was permitted to testify to matters which the auditor finds were transacted by her, as agent of her husband.  The plaintiff claims, that she should have been excluded because these transactions occurred at the defendant's house, and " he might have known in relation to them."  It would, of course, be less probable that affairs would be left to the control and manage-

ment of the wife, when the husband is at home, than when he is away from home. But it is by no means certain that he attended to the business himself, because he might have done so. The proof that the husband was at home is not decisive of the question of the wife's agency. It is merely evidence upon that subject. The auditor, upon the whole evidence, expressly finds that these matters, and the charges which relate to them, were left solely to the charge of the wife. This finding is conclusive of her relation, as agent, and consequent competency to testify under the statute.

2. The plaintiff was an adopted daughter of the defendant. Until the time when she understood that she became of age, she worked in the defendant's service with no agreement or expectation that she was to be paid for her labor, but simply in recognition of the duties of her relation to the defendant, as his adopted daughter. After it was understood she was of age, the defendant agreed to pay her for her labor. Subsequent to this agreement, she met the physician who officiated at her birth, and ascertained that she and her foster parents had been mistaken one year in her age; that she, in fact, arrived at her majority one year earlier than she had supposed, and consequently had been in the defendant's service for one year, after she became of age, without pay, and without any agreement or expectation of payment. She now claims to recover pay for that year's work, and the question is, whether the law will imply a promise or contract to pay her.

When one party has rendered to another valuable services or delivered goods, a promise to pay for them will usually be implied. It is implied from the understanding of the parties, not against it. If it appears that the parties understood at the time that the services or goods were gratuitous no liability to pay for them can be implied. An implied promise cannot be raised contrary to an express understanding. It is settled that if a child after becoming of age remains in the parent's service the law will imply no promise on the part of the parent to pay for the labor, but an express promise must be proved. *Fitch* v. *Peckham*, 16 Vt. 150; *Andrus* v. *Foster*, 17 Vt. 556. The reason is that the child's merely continuing to reside at home and to labor as before, creates no natural presumption or

Lunay *v.* Vantyne.

evidence that he has assumed the relation of servant or any other new relation. In the application of this rule, there can, of course, be no distinction between adopted children and other children. That the parties did not know she was of age, only renders it the more certain that there was no understanding that her services were to be paid for. The fact that the parties probably would have made a contract, if it had not been for this mistake, does not enable the court to presume or decide that they did make one. The office of the law is to interpret and enforce contracts. The parties only have authority to make them. The finding of the auditor that the defendant expected to pay the plaintiff for her work after she became of age, is stated to be based solely upon the fact that he did pay her after he understood she was of age. This finding cannot justify us in implying a promise to pay for the service which, it is expressly found, was rendered and received without expectation of payment.

The result is, that the judgment of the county court is reversed, and judgment is rendered for the defendant upon the alternative named in the report of the wife's being held a competent witness, and the year's work disallowed, for eighteen dollars and eighty-nine cents and interest.