ARTHUR L. PIERCE *v.* W. L. BRADFORD.

*Husband and wife.    Wife as witness to transaction by her as agent.*

The question being whether the defendant has paid the plaintiff $25, the defendant testified that he gave his wife that sum for that purpose, and left the house ; coming in soon after he saw the plaintiff standing beside the table counting some money and heard him say, " it is all right." *Held,* that the defendant's wife was a competent witness to testify that she put the money upon the plaintiff's plate at the table, from whence he took it saying, " all right."

Assumpsit.   Heard upon the report of a referee and exceptions thereto at the March term, 1891, Washington county, Munson, J., presiding.   Exceptions overruled and judgment for the plaintiff in the sum found by the referee.   The defendant excepts.

The case appears in the opinion.

*Bates & May,* for the defendant.

The wife was a competent witness.   R. L. s. 1005 ; No. 45 Acts 1886 ; *Easterbrooks* v. *Prentiss,* 34 Vt. 459 ; *Orcott* v. *Cook,* 37 Vt. 517 ; *Lunay* v. *Vantyne,* 40 Vt. 501.

*J. P. Lamson,* for the plaintiff.

The wife was not competent.   This was not a matter of business transacted by her as the agent of her husband.   *Carpenter* v. *Moore,* 43 Vt. 392 ; *Sargeant* v. *Seward,* 31 Vt. 509 ; *Cram* v. *Cram,* 33 Vt. 15 ; *Davis* v. *Davis,* 48 Vt. 502 : *Orcutt* v. *Cook,* 37 Vt. 515 ; *Town* v. *Lamphire,* 37 Vt. 52 ; *Eastabrooks* v. *Prentiss,* 34 Vt. 457 ; *Bates* v. *Cilley,* 47 Vt. 1.

The opinion of the court was delivered by

THOMPSON, J.   The principal contention between the parties was whether the defendant had paid the plaintiff $25, to

apply on his claim for work performed for the defendant.    At some time near the date of the alleged payment, the plaintiff told defendant's wife that he wanted some money, which she communicated to the defendant.    The defendant's evidence tended to show that on the morning of Sept. 16, 1889, when he got up, he gave his wife $25, and directed her to give it to the plaintiff, and then went to the barn to do his chores; and that the plaintiff soon after got up and came to the barn to work; that the plaintiff went into the house first, but was soon followed by the defendant, and that just as he stepped into the house he saw the plaintiff standing at the table with some money in his hand which he was then counting and which he put into his pocket, saying as he did so, "it is all right."

The defendant then called his wife as a witness and offered to prove by her that she took the $25, which he had given her; and as she was setting the breakfast table put the money on the plaintiff's plate, and that when he afterwards came in, he took the money from the plate and said "all right."    To this testimony the plaintiff objected and his objection was sustained by the referee and the evidence excluded.    As we construe the report, the referee excluded the testimony of the wife on the ground that the testimony of the husband, if true, did not tend to show such a state of facts as would constitute her his agent and thus make her testimony admissible under R. L. s. 1005 and St. 1886, No. 45 s. 2.    The exclusion of the testimony offered was error. The payment of the $25, if made by the wife as the evidence tended to show, was clearly a business transaction conducted by her as the agent of her husband, which would make her a competent witness in his behalf under the statutes cited and the decisions of this Court.    *Orcutt* v. *Cook,* 37 Vt. 517; *Lunay* v. *Van-tyne,* 40 Vt. 501; *Martin* v. *Hurlburt,* 60 Vt. 364.

*Judgment reversed and cause remanded for a new trial.*