SAMUEL E. PINGREE, admr. *vs.* NELSON S. JOHNSON.

October Term, 1896.

Present: ROSS, C. J., TAFT, TYLER, MUNSON, START and THOMPSON, JJ.

*Memorandum—Wife as Witness.*

A memorandum upon the stub of a receipt book that the payment is "in full settlement," cannot be used, like a book charge, as independent evidence, but only to refresh the witness' recollection and in corroboration of his testimony. Consequently it is inadmissible if the witness did not know of its correctness when it was made.

A wife is not a competent witness on the ground of agency to transactions conducted in the presence of her husband.

GENERAL ASSUMPSIT. Pleas, the general issue, accord and satisfaction and payment. Trial by jury at the December Term, 1895, Windsor County, *Rowell*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The action was brought to recover a balance claimed to be due from the defendant to the plaintiff's intestate upon account. The defendant's evidence tended to show that a payment of ten dollars, made by his wife to the plaintiff's attorney in the defendant's presence and by his direction, was made and received in full settlement; that his wife, as his agent, kept all his books and at the time of this payment made a memorandum concerning the transaction on the stub of the defendant's receipt book from which the receipt for said payment was taken; that this memorandum was made in pursuance of her general employment as such agent without direction from the defendant and without his knowledge as to its contents at the time. The memorandum was as follows: "May 8, '93, N. S. Johnson from Alex. P. Nelson in full for the J. J. Simonds acct. $10.00." The memorandum was offered by the defendant as corroborating his own testimony, but was excluded.

*15*

The defendant then offered his wife as a witness to the memorandum on the ground of agency. The court held that she was not competent.

*William Batchelder* for the defendant.

The memorandum would have been clearly admissible if made by the defendant. *Lapham* v. *Kelly*, 35 Vt. 195. It was just as admissible when made by his agent. It was really à part of the *res gestae*. I Green. Ev. *pp. 114, 115, 116, 120.

The wife was a competent witness to the memorandum having made it as agent without direction from her husband though in his presence. V. S. 1241 does not confine the wife's testimony to transactions in his absence. *Orcutt* v. *Est. of Cook*, 37 Vt. 518; *Lunay* v. *Vantyne*, 40 Vt. 501.

*Hunton & Stickney* for the plaintiff.

The memorandum is of a private character, made to preserve the recollection of the fact in case of the loss of the receipt, and not admissible as independent evidence. *Lapham* v. *Kelly*, 35 Vt. 195; *Godding* v. *Orcutt*, 44 Vt. 54. It was not admissible as confirming the defendant's testimony since he knew nothing of its correctness when it was made. The memorandum being inadmissible, the wife was incompetent.

TAFT, J. (1) The memorandum was not admissible as evidence confirmatory of the defendant's testimony; it was not the entry of a transaction creating an indebtedness, like the sale of goods, or performance of services, regularly charged upon the account book of a party, but a memorandum made upon the stub of a receipt book. It can be regarded in no other light than a private memorandum made to preserve the fact in the recollection of the party making it. As the defendant did not know what the memorandum was, it could not be used to strengthen his memory; it had not the force of independent evidence and could only be used, had the witness known its contents when made, to refresh his recollection, and in that connection

allowed to go to the jury as confirming his testimony; his recollection could not be refreshed by a fact of which he was ignorant and never had knowledge.

(2) The wife of the defendant was not a competent witness. The sole purpose of the statute permitting a wife to testify to transactions by her in which she acted as agent of her husband is to enable the husband to prove transactions of which he has no personal knowledge. Whatever is done by the wife in the presence of the husband is done by him and not by her as his agent. *Barrett*, J., in *Estabrooks* v. *Prentiss*, 34 Vt. 457, says that the "entire scope and language of the statute indicates, that the purpose of that provision was to enable proof to be made of transactions of which the husband had not personal knowledge, and the wife had, for the reason she personally negotiated, as a substitute for, and in the place of her husband in such transactions." The rulings of this court have since that time been in accord with that case. In *Lunay* v. *Vantyne*, 40 Vt. 501, the transaction testified to by the wife occurred in the absense of the husband, and she was held competent. In *Pierce* v. *Bradford*, 64 Vt. 219, the acts shown by the wife were done by her in the absence of the husband and of which he had no personal knowledge, and her testimony was admitted. In *Bates* v. *Sabin*, Ibid. 511, the transaction was conducted in his presence and under his direction, and although it was conducted by his wife the court say "The transaction must be regarded as conducted by himself; it cannot be said that this business was had with or conducted by his agent, when he was present and directed to be done just what was done. The statute clearly has reference to business transactions conducted by the wife as the agent of her husband of which he had no personal knowledge." The ruling that the wife was incompetent in the case before us was correct. He was present when his wife paid the money and he directed her to pay it.

*Judgment affirmed.*