## W. A. BOYCE, SURVIVING PARTNER, v. LEVI J. BOLSTER.

October Term, 1905.

Present, ROWELL, C. J., MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 26, 1906.

*Bill of · Exceptions—Compliance with County Court Rule—Presumptions — Witnesses — Competency — Married Women—Trial—Objections to Witness—Waiver— Instructions.*

Where a bill of exceptions has been allowed, signed, and filed within the time prescribed by law, the Supreme Court will assume, without inquiry, that the bill was submitted to the adverse party within the time prescribed by County Court Rule 29, or that the case was properly taken out of the rules by the presiding judge.

In an action of assumpsit tried before the passage of No. 60, Acts 1904, making a married woman a competent witness on behalf of her husband, defendant's wife, who acted as his bookkeeper during the time covered by his specifications in offset, was incompetent to testify concerning those items.

Plaintiff objected to the competency of defendant's wife as a witness, and before her testimony was received, plaintiff's counsel, referring to certain items in defendant's specifications in offset, stated: "These entries of the few little store charges, I said, if in her handwriting, and she said they were made out at the time, I had no objections to them, and I haven't now," but later plaintiff

claimed and was allowed an exception to the competency of the wife as witness. *Held*, that plaintiff was not precluded from having the benefit of his exception.

Where, in assumpsit by a surviving partner, one of the items on defendant's specifications in offset was a charge for wood furnished plaintiff after his partner's decease and within six years before the commencement of the suit, and the jury would have been warranted in finding that the understanding between the parties was that such items were to be applied in payment upon the partnership account, it was error to omit to charge as to the effect to be given that item in saving plaintiff's account from the Statute of Limitations.

GENERAL ASSUMPSIT by the surviving partner. Pleas, the general issue, Statute of Limitations, payment and declaration in offset in general assumpsit. Trial by jury at the September Term, 1904, Washington County, *Tyler*, J., presiding. Verdict and judgment for the defendant. The plaintiff excepted.

*W. A. Boyce, T. J. Deavitt,* and *Edward H. Deavitt* for the plaintiff.

The fact that the load of wood was delivered to the surviving partner did not prevent it from being a payment on the partnership account. *Thrall* v. *Seward,* 37 Vt. 573; *Stebbins* v. *Willard,* 53 Vt. 665, 668; *Holt* v. *Howard,* 77 Vt. 49.

*J. P. Lamson* for the defendant.

POWERS, J. The defendant moves to dismiss these exceptions on the ground that the bill was not submitted to him within the time specified in, and as required by County Court Rule 29.

It is a matter of regret that the requirements of this rule are too often disregarded; but we deem the whole subject to

be one to be considered and dealt with by the presiding judge of the trial court. The rule is a rule of that court. It expressly provides that the times therein limited may be extended by special leave of the presiding judge; and Rule 46 empowers the presiding judge, when it is for him alone to act, to take a case out of the rules entirely. So when a bill is allowed and signed within the time prescribed by law, and the case comes to this Court, we will assume without inquiry that the preliminary steps relative thereto have been regularly taken, or that the case has been properly taken out of the rules by the presiding judge.

Subject to the plaintiff's objection and exception, the defendant's wife, who had acted as his bookkeeper during the time the items covered by his specification in offset accrued, was allowed to testify concerning such items. Since the trial took place before the passage of No. 60, Acts of 1904, the wife was not a competent witness, *Estabrooks* v. *Prentiss,* 34 Vt. 457, and the allowance of her testimony was error, unless the plaintiff waived his objection to her competency, as in *Dee* v. *King,* 77 Vt. 230, 59 Atl. 839, or misled the court into the belief that he waived his objection, as in *Buchanan* v. *Cook,* 70 Vt. 168, 40 Atl. 102.

Before her testimony was received, and during a conference between counsel and court relative thereto, the plaintiff, referring to certain items on the defendant's specification, said: "These entries of the few little store charges, I said if in her handwriting and she said they were made out at the time, I had no objection to them, and I haven't now." Later in such conference, his counsel claimed and was allowed an exception to the competency of the wife as a witness. In the circumstances, this action on behalf of the plaintiff had the effect of withdrawing any concession which the plaintiff had previously made in

that matter, and of giving fair notice to all concerned that he stood on his legal rights regarding the same, and he is not precluded from claiming the benefit of his exception.

One of the items on the defendant's specification in offset was a charge for a load of wood furnished the plaintiff after his partner's decease and within the six years preceding the commencement of the suit.   From the evidence attached to the bill of exceptions, the jury would have been warranted in finding that it was the understanding between the parties that such items were to be applied as payments upon the partnership account.   The court, therefore, should have instructed the jury as to the effect which might be given to this item in saving the plaintiff's account from the statute of limitations, and the omission so to do was error.

*Judgment reversed and cause remanded.*