Gertrude Schagrin, Executrix under the last will and testament of Abraham Schagrin, deceased, *vs.* Charles W. Schagrin.

**1.  Witnesses—Competency—Transactions with Deceased Person.**

The testimony of defendant, in an action by an executrix on a note by defendant to testator, that the transaction involving the giving of the note was had with testator and his wife, the executrix, and that the wife originated the transaction, but all talked the matter over, and that the note was delivered to her, shows that the transaction was with decedent in the presence of his wife, and not with the wife as his agent, and he is disqualified by 16 *Del. Laws, c. 537 (Rev. Code* 1893, *p.* 798), from testifying to any conversation had with testator respecting the transaction.

**2.  Bills and Notes—Actions—Evidence—Materiality.**

In an action by an executor on a note given by defendant to testator, pursuant to transactions had with testator personally, conversations by defendant with testator's wife, in the absence of testator, prior to or at the time of the delivery of the note to her in the presence of testator, are irrelevant.

**3.  Evidence—Opinion Evidence—Conclusion of Witness.**

A question asked a witness whether one had authority to make an agreement as agent of another was objectionable as calling for a conclusion of law.

**4.  Witnesses—Transactions with Deceased Persons—Statutes.**

The testimony of a plaintiff, suing as executrix, that she did not have the conversation with a witness, who testified to a conversation between herself and plaintiff and testator, did not relate to a conversation with testator, and was not within 16 *Del. Laws, c. 537 (Rev. Code* 1893, *p.* 798), providing that in an action by executors neither party shall be allowed to testify as against the other as to any transaction by decedent.

(*January* 30, 1914.)

Pennewill, C. J., and Woolley, J., sitting.
*Robert H. Richards* and *Aaron Finger* for plaintiff.
*Daniel O. Hastings* and *Richard S. Rodney* for defendant.
Superior Court, New Castle County, January Term, 1914.

Error to Superior Court, New Castle County.

Action on Summons Case (No. 106, September Term, 1913) by Gertrude Schagrin, executrix of Abraham Schagrin, deceased, against Charles W. Schagrin, to recover a balance alleged to be due on a promissory note given by the defendant to Abraham Schagrin, deceased, dated December 21, 1909. Verdict for plaintiff. Motion for new trial overruled. Defendant brings error.

PENNEWILL, C. J., charged the jury.

Verdict for plaintiff.

Whereupon there was a motion for a new trial. Reasons therefor were filed, and the same coming on to be heard, the following opinion was announced by the court; PENNEWILL, C. J., delivering the opinion of the court:

The motion for a new trial in this case is based entirely upon the action of the court in admitting or refusing to admit certain testimony offered in evidence.

It is contended by the defendant:

*First:* That the statute providing "that actions or proceedings by or against executors, administrators, or guardians, in which judgment or decree may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party," does not apply to conversations had with the agent of the deceased.

Numerous authorities are cited in support of this proposition, and they may be entirely sound, and fully sustain defendant's contention. We express, however, no opinion upon the soundness of the proposition for which he contends, because no such general question is raised by the facts in this case.

The testimony held to be inadmissible was offered to show statements and transactions of the wife of the testator (claimed to be his agent), made in his presence, and he participated in the conversation carried on at the time the statements and transactions were made.

The defendant was asked the following question: "Was this transaction, the giving of this note, with your brother (the testator), or with his wife?" Answer: "Both together. They were sitting right there. She originated it; she started it; and I went inside and the whole three of us talked the matter over."

Assuming for the present that the testator's wife was his agent, authorized to make the agreement and accept the note in question, we are clearly of the opinion that the transaction offered in evidence, as shown by the above question and answer, was a transaction of the testator within the meaning of said statute. Even if it was with the agent, it was also, at the same time and to the same extent, with the principal, the deceased, and, therefore within the letter as well as the spirit and policy of the law. It is true the agent is living and could testify in the case, but that does not alter the fact that the transaction was with the deceased and within the terms of the law.

The following question was asked the defendant:

"Did you ever have any conversation with the wife of Abraham Schagrin prior to the delivery of this note, with respect to this note?"

This was held inadmissible, first, because in view of the defendant's previous testimony it was reasonable to believe it was on the same occasion as when the testator was present, and, therefore, covered by the previous ruling; and second, because the crucial time was when the note was delivered and the contract made. Any conversation with the alleged agent prior to that time was immaterial.

The defendant's second proposition is the following:

"That there was sufficient evidence admitted in this case to warrant the court in submitting to the jury the question, whether Gertrude Schagrin, the wife, was authorized by Abraham Schagrin, the husband, to act for him in this matter."

The evidence relied upon to establish the agency of the wife may be fairly shown by quoting the following from the record:

"Q. What was the condition of your brother at the time this note was given? A. He was in a very nervous state; very sick. Q. Was he in bed or not? A. No; he was sitting up in a big rocking chair. Q. Prior to that time do you know who transacted his business? A. Mrs. Schagrin, his wife. She had power of attorney from him. Q. To transact his business? · A. Sign all of his checks and everything else. * * * Q. At the time of this transaction do you or not know whether his wife had full power and authority to make a transaction of this kind with you?"

Respecting the last question the court held, and correctly we think, that it was not the proper way to prove agency. It was asking for a conclusion of law rather than for facts which the court might consider sufficient or insufficient to establish agency if the jury believed them to be proved.

It is a principle of law which will not be disputed, that whether certain acts or admissions, if proved, will or will not establish agency is a question of law for the court to decide, and whether such acts or admissions are proved is a question of fact for the jury to determine.

It appears from the testimony above given that the testator's wife had a power of attorney for the transaction of her husband's business, but the same was not produced, called for, or the terms thereof shown. If the authority of the agent is in writing it should be produced, or the inability to produce it shown, before any other testimony is admissible to prove the agency. Because of the failure to do this we are of the opinion that no facts were shown which, if proved, would have established the authority of the wife of the testator to transact his general business. And, moreover, even if she had authority to transact his ordinary business, there was no testimony offered, which, if proved, would have been sufficient to authorize her to transact the particular business in point, to wit: to make the agreement and accept the note in question.

We think, therefore, that even if the question of agency was material, there was no testimony offered which was competent to prove it.

*Third:* The defendant contends: "That the question asked the plaintiff by her counsel when she was recalled in rebuttal is a violation of the statute above quoted in that it permitted the plaintiff to deny a conversation which a witness for the defendant claims to have had with the deceased."

The question here referred to was as follows: ·

"You heard the testimony of Mrs. Harris as to the conversation which she says took place between her, yourself and your husband at the husband's house sometime between the date of the execution of this note and the date of your husband's death (the date not being exactly fixed) in which she says that you or your husband there told her that the taking of this note from Charley Schagrin was for the purpose of making him the claimant against her for the one thousand dollars protested note. Did you have any such conversation with Mrs. Harris?"

The court permitted the witness to answer, and she said: "I did not."

It is not denied by the defendant that Mrs. Harris gave the testimony embodied in this question, but the point made is, that the defendant being precluded by the statute from testifying respecting any statement or transaction made by the deceased, the plaintiff is likewise prevented from giving

testimony as to a statement or transaction made by the deceased, or by his wife, in his presence.

The testimony given by Mrs. Harris, and which the plaintiff sought to contradict, was admissible because she was not a party to the action. No valid objection to her testimony could be made by the plaintiff; and it cannot be possible that the plaintiff is prevented from denying that she had a particular conversation with a witness for the defendant which said witness testified she did have.

The motion for a new trial is overruled.

In the Supreme Court, No. 3, June Term, 1914.

(October 26, 1914.)

CURTIS, Chancellor, and BOYCE, CONRAD and RICE, J. J., sitting. Counsel same as in court below.

Action by Gertrude Schagrin, executrix of Abraham Schagrin, deceased, against Charles W. Schagrin, to recover the balance alleged to be due on a promissory note for one thousand dollars, made by the defendant below to the deceased, in his lifetime to wit: December 1, 1909. The executrix was the wife of the deceased who was a brother of the maker of the note. Judgment for plaintiff below affirmed.

The assignments of error relied upon and the questions presented applicable thereto appear in the opinion of the court.

BOYCE, J., delivering the opinion of the court:

This action of assumpsit on a promissory note was brought in the court below by Gertrude Schagrin, executrix of Abraham Schagrin, deceased, against Charles W. Schagrin. The plaintiff had a verdict, and the case is here on a writ of error sued out by the defendant.

[1] The first assignment of errors relates to the rulings of the court below in refusing to permit the defendant to answer the following questions:

(1) Q. "On what conditions did you deliver this note to Mrs. Schagrin?"

(2) Q. "I will now renew my question—who made the first proposition to you to give this note: Schagrin himself, or his wife, this plaintiff?"

(3) Q. "Did you ever have any conversation with the wife of Abraham Schagrin prior to the delivery of this note with respect to this note?"

(4) Q. "I will ask you this question (which don't answer, until counsel has an opportunity to object)—was the agreement to make this note made between you and your brother or between you and your brother's wife?"

(5)  Q.  "Did you have any conversation with her at the time you paid that five hundred dollars?"

(6)  Q.  "At the time of this transaction do you or not know whether his wife had full power and authority to make a transaction of this kind with you?"

The second assignment of errors relates to the ruling of the court below in permitting the plaintiff to give the following testimony:

"Q.  You heard the testimony of Mrs. Harris as to the conversation which she says took place between her, yourself and your husband at the husband's house sometime between ‘the date of the execution of this note and the date of your husband's death (the date not being exactly fixed) in which she says that you or your husband there told her that the taking of this note from Charles Schagrin was for the purpose of making him the claimant against her for the one thousand dollars protested note?  Did you have any such conversation with Mrs. Harris?

"Q.  Did you have that conversation with Mrs. Harris?

"A.  No, sir; I did not."

In explanation of this last question, we may say: Mrs. Harris is the sister of Abraham and Charles Schagrin. The claim of the defendant below was that Mrs. Harris being indebted to Abraham on her promissory note for one thousand dollars, he was induced to give his note to Abraham for a like sum in exchange for Mrs. Harris' note to him; but he was not to pay his brother Abraham anything unless and until he had collected the money from her on her note to him.

Chapter 537, Volume 16, Laws of Delaware, Revised Code of 1893, p. 798, provides:

" * * * That in, actions or proceedings by or against executors, administrators, or guardians in which judgment or decree may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party."

Counsel for the defendant below presented several propositions in support of his contention that the court below erred in rejecting the said several questions propounded by him. We deem it unnecessary to consider all of them. Confining the opinion of the court to the assignments of error, it is sufficient to say that it was urged, in substance, that the said statute does not apply to transactions with or statements by an agent of the

deceased; that there was sufficient evidence before the court to show that Gertrude Schagrin was the agent of her husband in procuring the note sued upon; that the presence of the deceased when the note was delivered to his wife does not take the case out of the rule permitting transactions with and statements by an agent to be shown. Whether Mrs. Schagrin was the agent of her husband and had authority from him to transact his general business while he was sick, and particularly the kind of transaction in question, seems immaterial and irrelevant in the light of the testimony of the defendant below in relation to the giving of the note to his brother, the deceased, viz.:

"Q. Was this transaction, the giving of this note, with your brother or with his wife?

"A. Both together. They were sitting right there, she originated it; she started it; and I went inside and the whole three of us talked the matter over.

"Q. To whom did you deliver this note afterwards made to you?

"A. To Mrs. Schagrin, *right there*."

This testimony is conclusive. It unmistakably shows that the transaction was with the deceased, in the presence of his wife, and not with the latter as his agent. So that with respect to the transaction, any relation of principal and agent which may have existed between the deceased and his wife was, for the time at least, suspended. *Miller v. Stebbins*, 77 *Vt.* 183, 59 *Atl.* 844.

The making and delivery of the note by the defendant below having been concluded with the deceased, the statute disqualifies the defendant from testifying to any conversation had with the deceased respecting the transaction. *Mitchell's Adm'r v. Woodward*, 2 *Marv.* 311, 43 *Atl.* 165; *Lodge v. Fraim*, 5 *Penn.* 353, 63 *Atl.* 233; *Robinson v. Purnell*, 5 *Penn.* 444, 62 *Atl.* 149.

[2] Conversations had by the defendant with the wife, in the absence of her husband, prior to, or at the time of the delivery of the note to her in the presence of the husband as testified to by the defendant, are immaterial and irrelevant. For reasons assigned the court below did not err in excluding the first five questions.

[3] The sixth question which was excluded is objectionable

Judgment Affirmed.

in that it calls for a conclusion of law rather than for facts; and there was no error in rejecting it.

[4]   The questions and answers which are the grounds for the second assignment of error relate to an alleged conversation with Mrs. Harris and not with the deceased, and are clearly outside of the purview of the statute.

We find no substantial error in the record of the trial below, and the judgment of the court below is affirmed.