Rosaire Piche *v.* City of Winooski.

October Term, 1929.

Present: Watson, C. J., Powers, Slack, Moulton, and Willcox, JJ.

Opinion filed January 18, 1930.

*Chas. F. Black* and *Robert W. Ready* for the petitioner.

*H. A. Bailey* for the petitionee.

WILLCOX, J. ■ This is a proceeding under G. L. 4164, instituted by the petitioner, whose land had been taken by the right of eminent domain for public school purposes. In its nature it is a session proceeding, brought to this Court on exceptions under G. L. 2257; and is to be determined as though heard upon a petition for *certiorari*. *Hooker* v. *Montpelier and Wells River R. R. Co.*, 62 Vt. 47, 19 Atl. 775.

The commissioners appointed under the statute filed a report, February 16, 1929; the court ordered the same recommitted with direction to amend; and amended report was filed April 27, 1929. The original report set forth, and correctly so, that three questions were before the commissioners, namely: (1) How much land should be taken; (2) what damages should be allowed; and (3) whether it was necessary to acquire the land for school purposes. It sets forth further that the issue of necessity was waived by the petitioner, and that the parties agreed as to the extent of the land to be taken, leaving only one

issue—the amount of damages sustained. This was found, but the extent and description of the land was omitted. For this omission the court, on its own motion, recommitted the report with directions that the same be amended so as to show the boundaries as agreed upon.

Exceptions to the report as originally filed were not taken within the fifteen days prescribed by section 6 of county court rule 18, and the petitionee now contends that the exceptions filed by the petitioner within fifteen days of the coming in of the amended report are not seasonable.

The rule relied upon by the petitionee is a rule of the county court. It expressly provides that the times therein limited may be extended by special leave of court, and rule 46 thereof empowers such court to take a case out of the rules, entirely. So when exceptions in fact have been filed and passed upon by the court below, and the case comes to this Court, we will assume, without inquiry, that the case has properly been taken out of the rules by the court below. *Boyce* v. *Bolster*, 79 Vt. 40, 64 Atl. 79.

The questions presented by these exceptions are of such a nature that the merit thereof cannot be passed upon without resort to a transcript of the proceedings before the commissioners. The petitioner claims that he sought a bill of exceptions making such transcript a part thereof, and that it was error for the presiding judge to refuse such request. There is nothing in the record showing what the fact is about this. Nor is it important, for exceptions to this Court lie only to rulings upon questions of law arising upon the trial of a cause, and the question of the power of a presiding judge to make or to refuse to make such an order is not before us. *Ide* v. *Boston & Maine Railroad*, 83 Vt. 66, 103, 74 Atl. 401. Nor was it necessary that the transcript be made a part of the bill of exceptions to be availed of in this Court. If considered necessary, where the matter sought to be reviewed arose before a body not having records that will present legal errors of the character of those complained of, the evidence, some statement of it, or a transcript of the proceedings, when supported by affidavits, may be resorted to. *Rutter et al.* v. *Burke et al.*, 89 Vt. 14, 31, 93 Atl. 842.

Not having brought the transcript before us in this or some other proper way there is no question before us. *Judgment affirmed.*

NOTE.—WATSON, C. J., was present when this cause was argued, but, having died, took no part in this decision.